Peck, J.,
delivered the opinion of the court:
Joseph W. Parish and William L. Huse jointly contracted with the United States for the delivery of ice during the year 1863, at Memphis and Nashville, in Tennessee, at St. Louis, in Missouri, and at .Cairo, in Illinois, upon the condition that three working days should be allowed for the discharging of each cargo at each of the points named, after which time demurrage was to be allowed by the United States, as per charter-party or bill of lading. When the ice was ready for delivery the government had not made preparation to receive it, and the claimants were requested to obtain houses for storing it, which they did and paid the rent. The claimants were also requested to remove and pack the ice in the buildings rented for the purpose, which they did. Their claim is for their expenditures about these items, the ice having been paid for.
It is apparent from the contract that the ice was to be delivered from boats and vessels; and that when transported by the claimants to the places named for its delivery, and proffered for acceptance, their obligation under the contract ceased.
We find the following facts established by the evidence, viz :
1st. That the claimants rented an ice-house, at the request of the United States, at St. Louis, and that a reasonable rental therefor was fifteen hundred dollars, which was paid by claimants.
2d. That an ice-house was rented under similar circumstances at Illinoistown, for which a like rental was paid by claimants.
3d. That an ice-house was rented by claimants under similar cir- • cumstances at Cairo, Illinois, for which they paid a rental of five hundred dollars.
4th. That claimants, at the instance and request of the United States, removed ice from boats and packed the same in the above-named ice-houses, for which service, they should receive the sum of seven thousand and forty-nine dollars.
5th. That the claimants are entitled to receive, demurrage for deten *344 tion of boats and barges, under tlieir contract with the United States, the sum of six hundred and thirty-two dollars and fifty cents.
Making in the aggregate the sum of eleven thousand two hundred and thirty dollars and fifty cents.
It was objected by the solicitor that the vouchers in the record do not prove the items specified and allowed by the officer signing them, and that unless complete proof should be made of each item of indebtedness, independant of the vouchers, the government should not be held to respond. We think where it is shown, as it is in this case, that a person notoriously acts as an agent or officer of the government about the duties connected with his station, under the observation of his superiors, and recognized by them, the government, receiving the benefit of his services without objection, should not be permitted to repudiate his vouchers, but that these should be held, when given, within the scope of his ordinary duties as prima facie evidence that their statements are true.
It was also urged that demurrage should not be allowed, because the amounts claimed were not ascertained in the manner provided' by the contract, that is from the charter-parties and bills of lading of the vessels. It is true, the vouchers might have been more explicitly and accurately drawn, so as to have stated that the charter-parties or bills of lading were exhibited in each case to the officers giving them ; but they do state that the charge was made “ agreeable ” to a contract for the delivery of ice, made, Sea., in which is specified that demurrage shall be paid, See., for any detention of barges exceeding three days, &c. The word agreeable, though not well chosen, is evidently intended to mean, conformable with or according to the stipulations of the contract. The officers who gave these vouchers wore examined as witnesses, and both swear, that they designed them to be as the contract required, and that they had knowledge of its terms and conditions. They moreover verify by their evidence the justice and correctness of the sums allowed for demurrage, without regard to the vouchers.
Another objection of the solicitor to allowing demurrage was, that it was not shown that claimants had given notice of the times when they intended to deliver the ice. This objection was not well taken. The claimants were not required to give notice; audit is.also shown that the government had previously given peremptory orders to them to deliver the ice without delay. See testimony of Henry Learned.
The sum of fifty dollars paid to Cushing & Sons is allowed, because it is believed that the officer who authorized the expenditure *345 did so in order to protect tbe interests of the government, and that the expenditure was necessary.
The record furnishes evidence that the items allowed were all presented to the proper departments for examination, but were rejected for reasons, which we do not consider sufficient to prevent a recovery here.
Judgment will be rendered for claimants in the sum of eleven thousand two hundred and thirty dollars and fifty cents, ($11,230 50.)