Mr. Justice Miller
delivered the opinion of the court:
The. appellant entered into a written contract on the 28th of July, 1864, with the Quartermaster’s Department, to deliver at Fort Fillmore 12,000 bushels of corn, at such times and in such quantities, of not less than 1,000 bushels per month, as the assistant quartermaster should direct: 9,000 bushels before the 1st day of January, and the whole amount by the 1st day of May, 1865.
The 9,000 bushels were delivered and paid for before the 1st day of May, and about this there is no dispute.
Some negotiations took place afterward between appellant and the quartermaster of that military department concerning the delivery of the remainder, the finding in regard to which is not very clear.
The appellant did, however, deliver the remainder of the corn at Fort Fillmore, October 15, 1865, by depositing it in the military store-house at that place.
The chief quartermaster’s clerk afterw'ard examined this corn, weighed some of the sacks, counted the remainder, and gave the claimant a receipt for the amount, stating that it completed his contract. The court finds that this clerk then and there accepted and took actual possession of the corn, and the chief quartermaster gave the claimant the usual voucher for the sum due.
The court also finds that the corn was sound when delivered, *60 but was injured by reason of the defective and leaky condition of the store-house at Fillmore.
'Whether we regard this last delivery as made under a verbal extension of the time stipulated in the original contract, or consider it as a new transaction, in which the Government received and took possession of the corn and used part of it, and permitted the remainder to be injured in its hands, we think the claimant is equally entitled to pay for it.
That Act 2d June, 1862, (12 Slat. L., p. 411,) requiring contracts for military supplies to be in writing, is not infringed by the i>roper officer having charge of such matter accepting delivery of such supplies after the day stipulated, nor is a verbal agreement to extend the time of performance invalid.
And if this were not so, when the quartermaster in charge receives of a person corn for the Government, gives a receipt and voucher for the amount and the price, and the Government uses such part of it as it wants, and suffers the remainder to decay by exposure and neglect, there is an implied contract to pay the value of such corn, which value may, in the absence of other testimony, be presumed to be the price fixed in the voucher by the quartermaster.
The judgment of the Court of Claims is therefore reversed, with directions to enter a judgment for claimant for the amount of said voucher.