OPINION.
Richardson, J.,
delivered the opinion of the court:
These actions are for pensions which accrued to the claimants while they were inmates 'of the Soldiers’ Home, the defendants having refused to pay them because under the construction of the law given by the Interior Department it was held that the pensions of such persons were payable to the managers of the Home for the use of that institution.
was by this court that such was not the law after the passage of the Revised- Statutes, and the Supreme Court on appeal affirmed our decision. (Bowen’s Case, 14 C. Cls. R., 162; 100 U. S. R., 508.)
The only questions now raised are upon the application of the statute of limitations to the facts presented.
The petition of John Leonard was made and filed December 3,1881, by Clara Leonard, who, on the 28th of November, 1881, had been appointed by the supreme "court of the District of Columbia a committee or trustee for said John, who was declared to be a lunatic.
The amount of pension money accrued to him before his insanity and not paid to him is $61.06; amount accrued since his insanity, $107.20.
The petition of George A. Abbott was filed July 29, 1882. The amount of pension money accrued to him before the period of six years immediately preceding that date and not paid to him is $58.40; amount accrued within the six years, $11.
The petition of Joseph Art was filed July 29, 1882. The amount of pension money accrued to him before the period of six years immediately preceding that date and not paid to him is $15; accrued within the six years, $40.27.
The counsel who appears for all the claimants urges that the statute of limitations does not apply in any of those cases:
*384 1. Because it is alleged that there was an acknowledgment or new promise by the defendants within the six years. To sustain this allegation reliance is had solely upon the returns of the Secretaries of War, Treasury, and Interior, made in response to calls upon their respective Departments by the court under the provisions of Be vised Statutes, § 1076. These returns state that the books of the Departments show that the claimants were pensioners during the time and at the rates claimed by them, and that the several amounts accrued to them under the pension laws had been paid to the managers of the Soldiers7 Home, and not to the claimants. This fails to prove an acknowledgment or new promise. Neither the heads of Departments nor any other executive officers constitute the United States as a political organization and power, and their acknowledgments and promises are not binding on the defendants except where they are'inade under express or implied authority of acts of Congress. In Pierce v. The United States (7 Wall., 666, and 7 C. Cls. R., 65) it was held by the Supreme Court that where the Secretary of War had accepted drafts drawn on his Department without authority of law, the United States were not bound by his acceptance and promise.
The statute of limitations applicable to this court is an act of Congress, and Congress alone can waive it or set it aside. It is as follows, as found in the Bevised Statutes:
Skc. 1069. Every claim against the United States, cognizable by the Court of Claims, shall be forever barred unless the petition setting forth a statement thereof is filed in the court, or transmitted to it by the Secretary of the Senate or the Cleric of the House of Representatives, as provided by law, within six years after the claim first accrued: Provided, That the claims of married women first accrued during marriage, of persons under the age of twenty-one years first accruing during minority, and of idiots, lunatics, insane persons, and persons beyond the seas at the time the claim accrued, entitled to the claim, shall not be barred if the petition be filed in the court or transmitted, as aforesaid, within three years after the disability has ceased; lrut no other disability than those enumerated shall prevent amy claim from being barred, nor shall any of the said disabilities operate ctmulatively.
It .will be seen that no provision is made for taking a case out of the statute by an acknowledgment or promise made by any public officers, and we have held that the last clause of the section forbids the ingrafting upon the section any exceptions that are not specifically enumerated; and oirr judgment therein has been affirmed on appeal. (Kendall’s Case, 14 C. Cls. R., *385 122; affirmed on appeal, 107 U. S. R., 123. See also Green's Case, 17 C. Cls. R., 174.)
Moreover, calls upon the Departments from this court under Revised Statutes, § 1076, are “for information or papers,” and not for acknowledgments or promises, and the replies which are made, whatever may be their terms, cannot admit away or waive any valid defense .of the United States to a claim, nor create a cause of action for a claimant which did not exist before.
2. It is further urged that the claimants’ pensions until paid or sued for were running accounts, to which the statute of limitations does not apply. That proposition would have more apparent force if the facts were not that all the statutes granting pensions treat them as monthly grants, and that by the regulations of the Interior Department, for greater convenience, they are actually paid every three months. To hold that such, grants constitute running accounts, and do not accrue within the meaning of the statute of limitations until sued for, would be placing a novel and unwarranted construction upon the familiar expression “running account,” used as it is with reference to cases of reciprocity and neutrality of dealings between parties, and not to cases where- the items are all on one side. (Bouvier’s Law Dictionary, “Limitations.”)
case of Leonard there is an additional ground relied upon against the running of the statute of limitations as to his claim. He is proved to be an insane person, and he-sues here by a committee or trustee appointed by the supreme court of this District. By the statute before cited “insane persons” are expressly exempted from its limitations as to claims which accrued while in that cohdition of disability. It does not appear that he was insane until November 28,1881, and his action was brought December 3, 1881. The statute runs against all pension which first accrued before the date of claimant’s insanity, but not against any which first accrued thereafter. Leonard is therefore entitled from November 28,1875, and the computation in his case has been so made.
Neither party has raised a question as to whether pensions accrue monthly, as granted by statute,' or quarter-yearly, as usually paid by the Department, or from day to day, and we have considered only the points which were argued. In the •computations made by the referee, to whom these cases were *386 referred for that purpose, as applicable to any claim for pension previous to six years from the date of the petitions, except in the case of Leonard, as before stated.
The judgment of the- court is that the claimants recover as follows:
John Leonard, $107.20;
George A. Abbott, $11;
Joseph Art, $40.27.