*447 OPINION.
Richardson, J.,
delivered tbe opinion of the court:
The claimant has a voucher, given to him by an Indian agent, for services with his teams in removing the-effects of Bed Cloud Agency, in Wyoming, to White Biver, in Dakota, in the summer of 1873, with the compensation therein stated at $14,375, upon which he has been paid $10,000 and no more.
If nothing were before us except this voucher, proved to have been given by an Indian agent- in the usual and regular course of his business and in tbe line of his official duty, the claimant would be entitled to recover the balance remaining unpaid.
A voucher given by an officer of the Government, in the regular and ordinary course of his business, for services performed or articles purchased by his order for the public service within the scope of his authority and the line of his duty unimpeached, is grima facie evidence of indebtedness on the part of the United States, as therein stated. (Parish v. United States, 2 C. Cls. R., 341; Solomon v. United States, 19 Wall., 17, and 9 C. Cls. R., 54.)
In this respect the vouchers of executive officers who are authorized to make contracts, employ services, or purchase property for the public service, and whose duty it is to see to it that the money certified by them to be due has been actually and fairly earned within their own knowledge while acting-in their official capacity, differ from the certified balances of accounting officers.
In the examination of claims in the Treasury Department these accounting officers act wholly upon the evidence presented to them by others, and have themselves no personal knowledge of the facts upon which the claims are founded. It is one of the fundamental principles upon which that Department is established, and a useful and wise one it is, that the executive officers who pass upon public accounts shall be different from those who are authorized to make contracts and incur liabilities in the expenditure of public money.
The balances certified by the accounting officers are final and conclusive upon the executive branch of the Government, because of all the executive officers they are the only ones who *448 are authorized to perforin that duty, and none are superior to them therein. But in this court such certification, whether for or against a claim, is without force or effect, because it is founded wholly upon the opinion of accounting officers, arrived at upon the evidence presented to them, evidence which, in the nature of the case, is often such as could not be admitted in any court of justice. It is so provided by statutes (Rev. Stat., § 191), but it would be so if there were no statute on the subject, because it is the province of this court to adjudicate between the Government and claimants upon legal and competent evidence, and not upon hearsay or the opinions of others. (McKnight's Case, 13 C. Cls. R., 292; affirmed on appeal, 98 U. S. R., 179. Real Estate Savings Bank Case, 16 C. Cls. R., 335; affirmed on appeal, 104 U. S. R., 728.)
In the present case both parties have gone behind facie evidence of the voucher given by the Indian agent, and it appears that there was no contract price fixed for the services of the claimant. The only controverted question before the court was whether or not the Indian agent had given his voucher for a compensation in excess of the value of the services upon a quantum meruit.
The claimant urges that the prices fixed in a previous contract between him and the Commissioner of Indian Affairs for other and different services of a similar kind establish the true measure of compensation. The court is of a different opinion, and has found upon the whole evidence that the services of the claimant were worth much less than the sum he has been' paid therefor.
The judgment of the court is that the claimant’s petition be dismissed.