Bichardson, J.,
delivered the opinion of the court:
On the 20th of March, 1884, the Committee on Claims of the House of Bepresentatives transmitted to the court, under section 1 of the Bowman Act (22 Stat. L., 485), a claim of the owners of the schooner Walter B. Chester, for damages and losses sustained by reason of collision of the United States steamer Yandalia with said schooner on November 13, 1880.
No evidence has yet been presented on either side. The claimants, under the provisions of the Bevised Statutes, section 1076, now move for a call on the Navy Department for the record of a naval court of inquiry convened at Brooklyn, N. Y., in relation to said collision.
The motion would be allowed if it appeared that the record, when produced, would be competent evidence on the trial of the case. On the other hand, this court will not- put the Departments to the expense and trouble of sending papers here which cannot be used as evidence, and which would only uselessly encumber the records of the court.
The trial of cases transmitted under the Bowman Act, whether by the Departments or by committees of Congress, is to be conducted as all other trials are conducted in this court, under the established rules of evidence which apply to the trial of causes in the courts of common law (Buies, Article XXII). We must therefore test the competency of the evidence now asked for by that rule.
It is .understood from the argument that the object in seeking to obtain the record is to offer it in evidence, iu order to prove by the testimony of witnesses there recorded the facts to which they testify. In other words, it is sought to prove the present claim, in whole or in part, by the testimony of witnesses taken before another tribunal in another case.
*683 If the court of inquiry were a judicial tribunal, and the parties and the points in issue were the same there as here, and each party had an opportunity to cross-examine the witnesses, and was legally called upon to do so, such evidence would be competent.
In Greenleaf on Evidence (vol. 1, sections 163, 164), under the head of exceptions to the rule rejecting hearsay évidence, is put down “ the testimony of deceased witnesses given in a former action between the same parties.” It is there said “when the testimony was given under oath, in a judicial proceeding, in which the adverse litigant was a party, and where he had the power to cross-examine, and was legally called upon so to do, the great and ordinary test of truth being no longer wanting, the testimony so given is admitted after the decease of the witness in any subsequent suit between the same parties. It is also received if the witness, though not dead, is out of the jurisdiction, or cannot be found after diligent search, or is insane, or sick, and unable to testify, or has been summoned, but appears to have been kept away by the adverse party.” “Where, therefore, the point in issue in both actions was not the same, * * evidence of what a witness, since deceased, swore upon a former .trial, was held inadmissible.” Examined by these tests, we are of opinion that the evidence called for does not come within the exception to the general rule, and that if offered it could not be received.
A naval or military court of inquiry is not a judicial tribunal. It is instituted solely for the purpose of investigation, as an assistance to the President, the head of the Department, or the commanding officer, in determining whether or not any further proceeding, executive or judicial, ought to be taken in relation to the subject-matter of the inquiry. There is no issue joined between parties, and its proceedings are not judicial.
The court of inquiry, the proceedings of which this motion calls for, must be presumed to relate to the circumstances of the collision between the vessels, with regard specially, if not solely, to the conduct of the officers of the Navy in command of the steamer Vandalia. The claimants could not have been-parties to it. They were in law strangers to the whole proceedings, and, even if allowed to be present and take part in the examination of witnesses, it was by courtesy only that they did so. The evidence was ex parte, taken by the officers of the *684 defendants for their own private use. We know of no rule of law by which strangers to such proceedings can have the evidence therein taken used in the trial’ of an issue in which they are involved with the party taking it, unless it be for the purpose of showing that witnesses who have testified in the latter case 'have sworn differently on the former occasion. As no witnesses have yet been examined in this case the testimony called for is not wanted for the purpose of contradiction, and as it can be used for no other purpose, the motion must be overruled.