Drake, Ch. J.,
delivered the opinion of the court:
This case was transmitted to this court by the Committee on War Claims of the House of Eepresentatives, under the Bowman Act, (22 Stat. L., 485,) and with the letter of transmission were sent a number of ex parte affidavits filed before that committee in support of claimant’s demand.
The claimant moves that those affidavits be printed, and used in evidence at the trial of the case. This motion cannot be allowed.
The first paragraph of the report of the Committee on Claims of the House of Eepresentatives in favor of the Bowman bill is, as follows:
, “The only question presented to this committee for their consideration by the above named bill is whether Congress and its committees and the executive departments shall have the privilege or right, if they deem it advisable, to have the facts in any case before them properly investigated by a tribunal which can ascertain those facts in a legal manner, in the same mode adopted by the courts which have jurisdiction of similar causes, and with the safeguard to the Government of the power of cross-examination of witnesses, all of which is impossible to be accomplished by Congress, its committees, or the executive departments.”
We refer to this language, not as furnishing any rule to us for the interpretation of the Bowman act, but simply as showing the intent of the House of Eepresentatives, and presumably of both Houses of Congress, in passin g that act, to have the facts of any case ascertained “in a legal manner, in the same mode adopted by the courts which have jurisdiction of similar causes and with the safeguard to the government of the power of cross-examination of-witnesses.”
That act authorized this court to adopt rules directly applicable to Departmental and Congressional cases, and we have adopted two such rules, framed in the spirit of the language of that report.
The first of those rules is section 1 of Article XXII, as follows :
“§ 1. Cases involving controverted questions of fact or law in any claim or matter, transmitted to the court under the provis *692 ions oi section 2 of the act of March 3,1883_, entitled ‘An act to afford assistance and relief to Congress and the Executive Departments in the investigation of claims and demands against the Government,’ shall be proceeded with, in like manner, and subject to the same rules, so far as applicable, as other cases in the court under its general jurisdiction, except as herein provided.”
The second rule is in the second sentence of section 7 of the same article, the whole of which section is as follows:
“ § 7. Within two months after the mailing of such notices, or within such further time as the court may allow, any person directly interested in the case may appear as a party therein, by filing his petition, under oath, setting forth concisely and specifically his claim and interest. Thereafter the case shall be proceeded with, in like manner, and subject to the same rules, so far as applicable, as other cases in the court under its general jurisdiction.”
These two rules place Departmental and Congressional cases, as to the matter of evidence, on the same footing as any other case against the United States brought in this court, and thereby bring them under the operation of section 1083 of the Revised Statutes, which reads thus:
“In taking testimony to be used in support of any claim, op-. portunity shall be given to the United States to file interrogatories, or by attorney to examine witnesses, under such regulations as said court shall prescribe; and like opportunity shall be afforded the claimant, in cases where testimony is taken on behalf of the United States, under like regulations.”
This section leaves us no discretion as to the matter of this motion, so long as the rules of the court remain as they are. Ex parte affidavits are objectionable as evidence under any circumstances, but particularly so in cases against a government, which has no agencies or means, comparable with those of individuals, for obtaining such evidence. To require testimony to be taken on notice, with right of cross-examination, diminishes somewhat, but does not entirely remove the disadvantage at which the government must necessarily stand as a litigant in this court, let its representatives be as faithful and vigilant as they can. But that requirement is a partial protection to the government; without inflicting any wrong on claimants, and we are not disposed to relax in Departmental and Congressional cases, the rule applicable to all others.
The motion of the claimant is overruled.