Dayis, J.,
delivered tbe opinion of tlie court:
Tbe claimant objects to tbe use by tbe Government of certain so-styled “ depositions” originally filed in tbe Southern Claims Commission when tliis case was before that tribunal.
Rule 101 of this court authorizes tbe use of such' depositions when “ duly taken in conformity with tbe rules of said Commission * * * subject to such objections to their competency or relevancy.as might be made if tbe deponents were examined in open court, or their depositions wore regularly taken under tbe rules of this court.”
Tbe rules of tbe Southern Claims Commission defined admissible evidence as follows:
“Admissible evidence consists only of oral testimony given before tbe Commissioners of Claims, or one of them personally,, or of testimony taken previous to March 3, 1871, to be used in tbe Court of Claims, or before, some Department of tbe Government ; or of depositions taken under the rules and authority of tbe. Commissioners of Claims in cases not exceeding $10,000 in amount; or of any papers used in evidence before any Department of tbe Government prior to March 3, 1871, in the consideration of any claim not now exceeding $10,000 in amount.. (Appendix to 5th report, H. R. Mis. Doc. 30, Foity-fourfh Congress, first session.)”
Then follow rules defining and regulating the powers and duties of special commissioners, and prescribing an exhaustive list of questions to be put by them to the witnesses, designed to» bring out all tbe facts for and against tbe claim.
Tbe evidence objected to is not ot this class, but was taken under tbe following circumstances:
In 1872 (17 Stat. L., 97) an act was passed authorizing the-commissioners to employ three agents—
“ To investigate claims pending before them, to procure evidence, to secure the attendance of witnesses on behalf of the Government, and to examine tbe same,‘and to cross-examine tbe witnesses produced by claimants, and to perform such other duties as may be required of them, &e.”
Theintentiou of this law seems to have been that these agents should act in tbe character of attorneys for the Government;, in point of fact they took tbe affidavits of adverse witnesses without notice to claimants, assuming thus, to some extent, the functions both of attorneys and special commissioners; affida-vitsso taken tbeclaimantmoves to exclude. Congress evidently *56 ■did not approve of the course of these agents, as in 1879 (21 ■Stat. L., 29) they directed that thereafter notice should be given io claimants of the taking of testimony, and that they should ■have the right to cross examine the Government’s witnesses.
“ The trial of cases transmitted under the Bowman Act •* * * is to be conducted, as all other trials are conducted in this court, under the established rules of evidence which apply to the trial of causes in the courts of common law” (Chester’s Owners, 19 C. Cls. R., 682), and the admissibility of this evidence must be tested by that rule. In the case just cited this •court held, in relation to the record of a naval court of inquiry, that if it were a judicial tribunal, and the parties and the points in issue were the same there as here, and each party had -an opportunity to cross-examine the witnesses,- and was legally •called upon to do so, such evidence would be competent.”
In Smith’s Case (19 C. Cls. R., 690) we excluded ex parte affidavits filed with a committee of Congress and transmitted with "the claim, and it lias been the consistent effort of this court to follow the manifest intent of the Bowman Act and the desire of Congress in passing it, that the claims sent here should receive .a judicial investigation upon legal evidence. The rule of court <101) as to depositions taken under the rule^of the commission ■does not operate against the motion, for these documents are not depositions (BouvierLaw Diet., “Affidavits ”), but ex parte ••affidavits, taken without notice to the claimant, without an opportunity being afforded him to cross-examine the witnesses, and not even taken by an unprejudiced examiner, but by an agent of one party acting in the double capacity of attorney and •commissioner.
The motion is allowed.