Dayis, J.,
delivered the opinion of the court:
The claimant contracted with one Frost, an Indian ag'ent, to deliver at the, Crow'Indian Agency 150 tons of hay. This he claims to have delivered, and produces a voucher therefor, prepared and signed iu the proper and usual form. The Treasury Department has allowed him but for 80 tons of hay, and the balance of the claim is transmitted to this court for examination under the provisions of the Bowman Act (22 Stat. L., 485). We have already held (McCann’s Case, 18 C. Cls. R., 445) that “ a voucher given by an officer of the Government, in the regular and ordinary course of his busi *475 ness, for services performed or articles purchased by his order for the public service within the scope of his authority and the line of his duty, unimpeached, is 'prima facie evidence of indebtedness on the part of the United States as therein stated.” (Parish’s Case, 2 C. Cls. R., 341; Solomon’s Case, 19. Wall., 17, and 9 C. Cls. R., 54.)
The Government seeks to impeach the voucher produced in this case by the record of. a criminal trial in which the agent, Frost, was defendant, and by ex parte affidavits. To this testimony claimant’s counsel objects.
In the case of the Chester’s Owners (19 C. Cls. R.. 681) we ruled out the record of a naval court of inquiry, holding that “ the trial of cases transmitted under the Bowman Act, whether by the Departments or by committees of Congress, is to be conducted as all other trials are conducted in this court, under the established rules of evidence which apply to the trial of causes in the courts of common law.” (Rule 92.) In Smith’s Case (ib., 690) we excluded ex parte affidavits filed with a committee of Congress and transmitted to us with the claim, while in Main’s Case (ante) we excluded ex parte affidavits taken by a special agent of the Southern Claims Commission while the case was pending in that tribunal. The evidence sought to be used by the. Government in this cause is of two kinds : First, the proceedings in a criminal trial in which this claimant was not defendant, and, second, affidavits, some of which are favorable to the claimant and some of which are quite the reverse. As to the court’s record the claimant was not a party in the proceeding; he could summon no witnesses, nor could he cross-examine those produced by the Government. Frost was indicted for fraud in issuing the voucher now here produced and the jury had necessarily to consider whether the hay had been delivered as alleged, but we know of no rule by which, even under these circumstances, the claimant, an absolute stranger to the trial, can now have the evidence there taken used against him here in a different proceeding. The defendants had simply to summon in this case the witnesses upon whom the Government depended in the Frost trial, if they were obtainable and their testimony were found to be of value. The ex parte affidavits are of course not evidence here, for we have consistently followed the common-law rules of evidence, which require that opportunity be given for cross-examination.
*476 Even if all the papers presented were admitted we are by no means sure that they would operate to defeat the claim. Frost was twice" indicted for issuing this voucher. On the first indictment a nol. pros, was entered; on the second he was acquitted, and affidavits are filed here made by members of the petit jury, who state that the verdict was found because the jury were convinced that the hay had been delivered as stated. To the affidavits alleging fraud are opposed numerous others, stating that the contract had been honestly performed, and while the record in the Department very properly put the Treasury officers upon inquiry and aroused serious suspicion of the honesty of the transaction, resulting in a reference of the case to this court, where it would be examined and defended by the law officers of the Government, we are not convinced that, if we should consider and weigh this inadmissible evidence — and none other is produced in rebuttal of the voucher— our conclusion would be changed.
A copy of the findings, prefixed hereto, and a copy of the opinion will be transmitted to the Treasury Department for its guidance and action.
Weldon, J., was prevented by illness from, sitting in this case and took no part in the decision.
Nott, J., was absent when the case was heard and took no part in the decision.