Richardson, Ch. J.,
delivered the opinion of the court:
The claimant, by her attorney, moves that this case, now on the trial list, be remanded to the general docket for the purpose of enabling her to take certain depositions, and she files therewith the following affidavit of her attorney:
*101 “District oe Columbia,
“ City of Washington:
“ Personally appeared before me, a notary public in and for the city aforesaid, this 6th day of December, 1890, G. W. 0. Black, attorney for Elizabeth 0. Bibb, who being duly sworn deposes and says that Elizabeth C. Bibb, of Madison County, Alabama, claimant in No. 5978 Congressional, now pending in the Court of Claims at Washington, D. C., wishes that said cause be remanded to the general docket in order that the depositions of Elizabeth 0. Bibb, Amanda F. McCarty, Joseph Bibb, Joseph Bradford, and such other witnesses as may be secured, may be taken in order to show the quantity and value of the stores and supplies taken from her for the use of the United States during the war for the suppression of the rebellion.
“That no proof on these points has been submitted since said claim was transmitted to said Court of Claims by the Committee on War Claims of the House of Bepresentatives.
“ That he regards the evidence of said persons as of vital importance to the claimant, and he is informed and believes that the depositions of said persons can be secured.
“ That the depositions of said persons were not taken before the case was placed upon the trial docket for the reason that the same having been taken before the Commissioners of Claims the affiant believed the same would be received as evidence by the Court of Claims.”
This affidavit is not a full compliance with rule 59 as recently amended as follows:
“ When a claimant desires a case to be remanded to the general docket for the taking of further testimony he shall make a motion therefor in writing, accompanied by an affidavit, which shall state the name of the witness whose testimony is to be taken and the facts expected to be proved by him, with the grounds of such expectation and the endeavors which have been used to procure his deposition.”
The claimant’s attorney seems to have mistaken the practice of the court in relation to the trials of claims for supplies or stores taken by and for the use of the Army during the war of the rebellion, which have previously been submitted to the Claims Commission under the act of March 3,1871 (16 Stat. L., 521), or to the Quartermaster-General’s Department under the act of July 4,1864, chapter 240 (13 Stat. L., 381), and which those tribunals, respectively, have decided and reported to Congress, and a committee of Congress has transmitted the same to this court under the Bowman Act.
*102 In Calhoun’s Case (24 C. Cls. R., 413) the Quartern)aster-General had decided against the claim upon the merits, and.it was submitted here upon the same issue without any evidence beyond that which was considered by that officer. The court held that it could not sitas an appellate tribunal to hear appeals from the adverse decisions of the Quartermaster-General where no additional evidence is presented. That was all the decision and all that was necessary to decide in the case then before the court.
We will now explain more fully what is the practice of the court in such cases.
There are two issues to be tried — the loyalty of the person who furnished the supplies or stores, or from whom they were taken, and the merits of the claim. The first is jurisdictional’ in this court, which can not pass upon the merits until such person has been found to have been loyal to the Government of the United States throughout the war of the rebellion and to have given no aid or comfort to said rebellion. (Bowman Act of March. 3, 1883,■§ 4, 22 Stat. L, 485.) It was not so before the Quartermaster-General nor before the Claims Commissioners, who sometimes reported against claimants on the merits without passing upon the question of loyalty and sometimes reported against them on the question of loyalty without considering the merits.
As to the issues not decided by those officers, respectively, if the claimant chooses to submit his case on the evidence before them, this court will consider it, admitting only such as is found to be legal, and excluding errarte affidavits and other incompetent evidence.
As to the issue decided by those officers, respectively, the court will adhere to the decision in the Calhoun Case, and will not consider evidence upon which the issue was determined, unless some new evidence is taken after the case is transmitted here for judicial investigation.
When new evidence is taken the court will consider it in connection with that which was previously submitted. It is not necessary, as the claimant’s attorney seems to suppose, that the depositions of the witnesses previously examined should betaken over again. Itis to be presumed that such witnesses, on reexamination, would state the tacts as before, and should they make any material deviation a suspicion might arise as to *103 their accuracy or honesty, to the prejudice of the claim. Their testimony may be retaken, however, if desired, to explain what they have sworn to before, and to answer other evidence appearing adverse to the claim on the trial by the Claims Commission or Quartermaster-General.
Considering that the amendment to rule 59 has been adopted and promulgated since this case was placed on the trial calendar, and that the claimant’s attorney has been led into a misunderstanding of the practice of the court, the case will be remanded to the general docket, according to the motion.
Davis, J., was absent when the motion was heard and took no part in the decision.