Weldon, J.,
delivered the opinion of the court:
On April 18, 1892, the claimant filed a brief on merits and a request for findings of fact. On September 8,1892, the defendants moved that the entry of the filing of the brief and requests be vacated, because the claimant had used, in the preparation of his brief, certain ex parte affidavits not taken in accordance with the rules of the court.
On November 16,1892, the claimant withdrew his brief by permission of the court, and on the succeeding day the following order was indorsed on the defendant’s motion:
“The claimant having withdrawn his brief by permission of . the court, this motion has nothing to which it can apply, and it is overruled by the court.”
On November 26, 1892, the claimant filed a new brief, in which he omitted certain affidavits contained in the original; but used in his amended brief certain affidavits contained in the original brief.
This motion is made to strike the amended brief from the files, because' certain affidavits taken by the agent of the *143 Quartermaster Department in August, 1874, are included as l>roper testimony.
Ordinarily it is the right of counsel to argue to the court all possible views and effect of testimony, but that right in its proper exercise is limited to the discussion of competent testimony; and the only reference that can be made to testimony objected to on the ground of incompetency is for the purpose of determining its competency.
This being a proceeding under the Bowman Act for stores and supplies, the court is limited in the range of its jurisdiction as to the decision of legal questions. As was said in the Dockery Case (26 C. Cls. R., 150):
“As the basis of the exercise of that discretion we pass upon a very n arrow range of legal questions — simply our jurisdiction under said act, and legal questions affecting the competency of evidence introduced by either side in the development of the facts of the controversy.”
The motion calls upon the court to determine a question touching the legal competency of certain evidence filed with or in the brief of counsel, and comes within the power of the court in the determination of legal questions as to the competency of evidence.
The statute under which the court proceeds in the case in which this motion is made provides that—
“The committee or House may cause the same, with the vouchers, papers, proofs, and documents pertaining thereto, to be transmitted to the Court of Claims of the United States, and the same shall there be proceeded in under such rules as the court may adopt.”
This is the only provision of the statute which can affect the question of evidence in a proceeding founded on a reference by a committee of Congress under the Bowman Act.
The Supreme Court, in the case of Moore (91 U. S. R., 270), on appeal from this court, decided that “ the law of evidence by which the Court of Claims must be governed is that of the common law,” and this court in all its proceedings, unless directed by statute to the contrary, has been governed by that system.
In the case of Countryman (21 C. Cls. R., 475) it is said:
“In the case of the Chester’s owners (19 C. Cls. R., 681) we ruled out the record of a naval court of inquiry, holding that *144 the trial of cases transmitted by the Bowman Act, whether by the Departments or by committees of Congress, is to be conducted as all other trials are conducted in this court, under the established rules of evidence which apply to the trial of causes in the courts of common law (Rule 92).”
In Smith’s Case (ib., 690) we excluded ex parte affidavits filed with a committee of Congress and transmitted to us Vith the* claim, while in Main’s Case (21 C. Cls. R., 54) we excluded ex parte affidavits taken by a special agent of the Southern Claims Commission while the case was pending in that tribunal. In the Smith case it is said:
“ These two rules place departmental and Congressional cases, as to the matter of evidence, on the same footing as any other case against the United States brought in this court, and thereby bring them under the operation of section 1089 of the Bevised Statutes, which reads thus:
“ In taking testimony to be used in support of any claim, opportunity shall be given to the United States to file interrogatories, or by attorneys to- examine witnesses, under such regulations as said court shall prescribe; and like opportunity shall be afforded the claimant, in cases where testimony is taken on behalf of the United States, under like regulations.’
“ This section leaves us no discretion as to the matter of this motion, so long as the rules of the court remain as they are. Ex parte affidavits are objectionable as evidence under any circumstances, but particularly so in cases against a government, which has no agencies or means, comparable with those of individuals, for obtaining such evidence. To require testimony to be taken on notice, with right of cross-examination, diminishes somewhat, but does not entirely remove, the disadvantage at which the Government must necessarily stand as a litigant in this court, let its representatives be as faithful and vigilant as they can. But that requirement is a partial protection to the Government, without inflicting any wrong on claimants, and we are not disposed to relax in departmental and Congressional cases the rule applicable to all others.”
In the case of Carroll (20 C. Cls. R., 426) it is said:
“The purpose of the Bowman Act being not to dispense with legal evidence, but to acquire it, .the court will not take up the report of committees and adopt their statements as a judicial finding of facts to be transmitted to Congress.”
The first section of the Bowman Act provides:
* * * “The committee or House may cause the same, with vouchers, papers, proofs, and documents pertaining thereto, to *145 be transmitted to tbe Court of Claims of tbe United States, and tbe same shall be proceeded in under such rules as tbe court, may adopt.”
In judicial construction of that provision of tbe statute this; court has held:
“The requirements of tbe Bowman Act, that vouchers, papers, proofs, and documents be transmitted with tbe claim was not made to change tbe rule of evidence, but to relieve ommittees from tbe duty of passing upon tbe competency of matter tbe transmitted. (Brannen v. The U. S., 20 C. Cls. R., 219.)
“ In Congressional cases for stores and supplies taken during tbe civil war tbe evidence before tbe Quartermaster-General or tbe Southern Claims Commission may be used in tbe court if it was not ex parte.” (Bibb, 26 C. Cls. R., 100.)
Tbe statute not having changed tbe law of evidence applicable to tbe investigation of cases to be determined under reference of either House or a committee, tbe strict rules of common law must be recognized and enforced in Bowman Act eases as they are recognized and applied in tbe trial of causes within tbe general jurisdiction of tbe court. Tbe same facilities by which testimony is procured in cases of general jurisdiction are within tbe power of claimants under tbe Bowman Act.
Tbe testimony taken in 1874, and which is embraced in the' amended brief of November 25, 1892, has tbe form of ex parte affidavits; but in connection with them it is insisted—
“ If no notice was given to claimant be has a right to waive it and does so. Tbe defense cannot take advantage of its failure to give notice to tbe claimant.”
Tbe failure to give notice by the agents of tbe Quartermaster’s Department will not make competent what is incompetent. Tbe claimant can not now take advantage of tbe alleged negligence of the agent and make testimony competent by waiving tbe formality of a want of notice. Such a right upon tbe part of tbe claimant would put tbe Government to a great disadvantage, in excluding all tbe testimony in its favor and permitting all testimony against it to be read as competent evidence at tbe election of its adversary.
An affidavit differs from a deposition in this, that in tbe latter tbe opposite party has an opportunity to cross-examine tbe witness, whereas an affidavit is always taken ex parte. (Gresby Eq. Ev., 413; 3 Blatch., 413.)
*146 The distinction between an affidavit and a deposition is well established in the law and the language of courts. By general practice affidavits are allowable on the hearing of a motion, but are not competent in the trial of a cause upon issue raised by the pleadings. When a cause is tried on its merits the testimony is confined to the record evidence, the oral statements of witnesses in court, or their depositions taken upon notice in accordance with the statute and the rules of the court. An affidavit made by one party to a suit can be used by his adversary as an admission or declaration} and its substance would be competent as an admission or declaration without the formality of being written.
The United States are not subject to the same rule of responsibility that attaches to individuals in relation to admissions and declarations. They are represented by agents, and the power of an agent to bind his principal by admissions and declarations is much more limited than the power of an individual to bind himself. (Leonard’s Case, 18 C. Cls. R., 382; Waters’s Case, 4 id., 390; Whiteside’s Case, 93 U. S. R., 247.)
The United States are not bound by the acts of an agent of a quartermaster in taking testimony for the Department iu the investigation of cases under the Fourth of July act.
A portion of the testimony was taken after the passage of the Act of June 15, 1880 (21 Stat. L., 586), which provides in substance that the agent of the quartermaster shall give notice to' claimants of the time and place of taking the depositions, that the claimants shall have the right to cross-examine, and also the right to have witnesses examined on his behalf at the time and place, and that the proceedings shall be under the law and rules which usually govern the taking of testimony.
If testimony is taken pursuant to that statute, then it partakes of the character of a deposition, and becomes'competent between the parties in subsequent investigations of the same claim.
Regarding the motion of the defendants as an objection to the competency of testimony, we exclude so much of the testimony as was taken prior to 1880, and testimony taken since that time may or may not be competent, depending upon the question whether it was taken in pursuance of the requirements of the act of 1880. Where a case is submitted on printed argument, it is important that the court shall not be misled by quo *147 tations from testimony incompetent wbicb bas the appearance of being competent. Briefs containing improper and illegal evidence will not be considered by tlie court, and the cause will be remanded to the general docket to await submission upon proper briefs. The motion to strike the briefs from the record will be overruled, subject to the qualifications of this opinion.