Howry, J.,
delivered the opinion of the court:
This is a claim for longevity pay on the part of the plaintiff as a naval officer who had served continuously as a midshipman until January 28,1908. A few days prior to a con *388 tinuous service of over five years, terminating on the date given, plaintiff’s resignation had been requested because of physical disability. The alleged disability was defective vision, underweight, and signs of pulmonary disease. Thereupon, on January 22,1908, the plaintiff tendered his resignation as a midshipman, which was accepted by the proper authority, to take effect upon his arrival at his home.
On April 3, 1908, the following joint resolution was enacted and approved, 35 Stat., 570, to wit:
“That the President be, and he is hereby, authorized to appoint former Midshipman Archibald G. Stirling to be an ensign in the United States Navy, to take the position he is entitled to by his order of merit, as shown by his examination for final graduation.”
Thereupon plaintiff was nominated and confirmed as an ensign, was commissioned as such, and has served continuously after attaining the rank of lieutenant, junior grade, February 13,1911, and that of lieutenant July 1, 1912.
In the final checkage of his account plaintiff has been paid longevity pay, computed by giving him credit for his actual service only. The present claim is predicated upon the con-, tention that he is entitled to five years of constructive service.
Whether plaintiff is entitled to be credited with constructive service depends upon certain legislation ending with a joint resolution of Congress but beginning with the terms of the following proviso of section 13 of the Navy personnel act of March 3,1899, 30 Stat., 1007:
“All officers, including warrant officers, who have been or maybe appointed to the Navy from civil life, shall, on the date of appointment, be credited for computing their pay with five years’ service.”
The first part of the same section provides:
“ Commissioned officers of the line of the Navy and of the Medical and Pay Corps shall receive the same pay and allowances, except forage, as are or may be provided by or in pursuance of law for the officers of corresponding rank in the Army.”
*389 Revised Statutes, section 1262, provide with reference to Army officers:
“ There shall be allowed and paid to each commissioned officer below the rank of brigadier general, including chaplains and others having assimilated rank or pay, ten per centum of their current yearly pay for each term of five years’ service.”
The argument for the plaintiff rests upon the fact that he resigned and was out of the service for a short period and was then appointed an ensign pursuant to the joint resolution. Then that he is' entitled to the credit for five years’ constructive service, depending upon the further fact that he was appointed to the service the second time from civil life.
Defendants rest upon the legislative history of the enactment of the joint resolution, which they claim shows that the resolution was designed to except this officer from the operation of the constructive-service proviso of the personnel act. It is disclosed that soon after plaintiff left the service because of disability the Committee on Naval Affairs of the House of Representatives had under consideration some measure of relief for the plaintiff. A joint resolution had been introduced which provided:
“ That the President be, and he is hereby, authorized to appoint former Midshipman Archibald G. Stirling an ensign in the United States Navy.”
Subsequently, in accordance with the recommendation of the naval committees of the two Houses, the resolution was amended by adding thereto the following: “ To take the position he is entitled to by his order of merit as shown by his examination for final graduation.” Cong. Rec., vol. 42, pt. 3, 60th Cong., 1st sess.
The foregoing amendment was framed and adopted pursuant to the recommendation of the Secretary of the Navy “that the joint resolution be changed so as to provide that Mr. Stirling be reinstated in the Navy to the position he would be entitled to by his order of merit as shown by his examination for final graduation, and that, as so amended, it ' be favorably considered.”
*390 While it is true that the report of a committee accompanying a bill in Congress does not furnish a rule of interpretation, nevertheless such a report may be used to ascertain the intent in the passage of an act. Smith v. United States, 19 C. Cls. R., 690. Where the intent is plain, the Supreme Court has said “nothing is left to construction.” United States v. Fisher, 2 Cranch, 386. Another guide to the meaning of a statute is found in the evil which the act is designed to remedy; and for this the court properly looks at contemporaneous events, the situation as it existed, and as it was pressed upon the attention of the legislative body. United States v. Union Pacific R. R., 91 U. S., 79. The reason of the law in cases which lead to injustice or an absurd consequence should prevail over its letter. Holy Trinity Church v. United States, 143 U. S., 461. Inasmuch as there would probably have been no legislation for the relief of this officer unless he had been recommended for “ reinstatement ” to the position he would have been entitled to by his order of merit as shown by his examination for final graduation, the court can not view the joint resolution as conferring upon Stirling an original appointment. For the court to ignore the circumstances leading up to the enactment which put the plaintiff back into the service would put us in the position of not carrying out the evident intention of Congress but substituting for that intention something which the lawmakers apparently were unwilling to adopt. Plaintiff seems to have been willing enough to accept “ reinstatement ” and return to the service; and looking at the situation as it appeared to the legislative body upon the recommendation of the Secretary of the Navy and the contemporaneous events which brought about the officer’s retirement and reinstatement, the court is of opinion that the plaintiff is not entitled to credit for five years’ constructive service plus his prior actual service.
Petition dismissed.