AteiNSON, Judge,
delivered the opinion of the court:
The only question in this case is whether the plaintiff, who is a paymaster’s clerk in the Navy, is entitled to credit for five years’ constructive service on the theory of appointment from civil life.
*190 Plaintiff originally entered the Navy by enlistment March 13, 1905, and served until discharged December 13, 1907. On the date of his discharge he executed the requisite oath of office and became a paymaster’s clerk, pursuant to an appointment dated December 11, 1907. Thus, his initial appointment to the position of paymaster’s clerk was not from civil life.
While serving under this appointment on the U. S. S. Charleston, of the Pacific Fleet, and under date of July 28, 1909 plaintiff was ordered to assist Paymaster Wise, of the Charleston, in the settlement of his accounts. Upon the expiration of the period allowed for that purpose, he was ordered to proceed to his home in the United States, and, upon his arrival there, to consider his appointment of December 11, 1907, revoked.
Paymaster Wise completed the settlement of his accounts on October 25, 1909, whereupon plaintiff, instead of proceeding to his home, tendered his resignation for immediate acceptance, and it was accepted, October 25, 1909.
Meanwhile, on October 22, Paymaster Wise offered to nominate him for reappointment as his clerk on the U. S. S. Monterey, to which Wise had been assigned for duty. Plaintiff promptly declined the offer. Subsequently Wise was assigned to duty at the naval station at Olongapo, P. I., and on October 27 he again offered to nominate plaintiff for reappointment as his clerk, which he again declined. Still later, on or about November 2, Wise was assigned to duty on the U. S. S. Tennessee, and, as on two former occasions, he again offered to nominate plaintiff as his clerk, and this time plaintiff accepted, assuming his duties on or about November 11.
It therefore appearing that 17 days had elapsed between the time of plaintiff’s resignation from the public service and his reappointment to and acceptance of a similar position in the same service, can it be considered as an appointment from civil life? Plaintiff’s claim is for a credit of five years on his appointment of November 11, 1909, under the Navy personnel act of March 3, 1899, 30 Stats., 1007, which provides:
“That all officers, including warrant officers, who have been or may be appointed to the Navy from civil fife shall, *191 on the date of appointment, be credited, for computing tbeir pay, with five years’ service.”
The act of May 13, 1908 (35 Stats., 128), as amended by the act of June 24, 1910 (36 Stats., 606), provides that paymasters’ clerks shall receive the same pay as warrant officers; consequently plaintiff is brought within the Navy personnel act above quoted, and is entitled to all of the benefits and privileges that it confers. Hence it is apparent that the credit of five years’ constructive service to which officers entering the Navy from civil life are entitled, under the above statutes, is in addition to any actual service they may have rendered under a prior appointment.
There is nothing in the case at bar inconsistent with the case of Stirling v. United States, 48 C. Cls., 386. Stirling was a former midshipman whose resignation had been requested and was accepted because of physical disability. A joint resolution was proposed which provided for the appointment of Stirling to be an ensign. Pending the proposed action in Congress an amendment was adopted pursuant to the recommendation of the Secretary of the Navy providing that Stirling be reinstated to the position he was entitled to by his order of merit. The court there said that there would probably have been no legislation for the relief of Stirling unless he had been recommended distinctly for “reinstatement.” Stirling accepted reinstatement and returned to the service. The action of the legislative body was neither an appointment nor a reappointment. Keappointment means the act of reappointing or the condition of being reappointed, while reinstatement means the act of reinstating or the condition of being reinstated. To reinstate is merely to restore to a former state, station, or authority; to instate again. In Stirling’s case the court was carrying out the evident intention of Congress. In the case at bar 'the findings disclose retirement from the public service in good faith and a second appointment from civil life with nothing in the conduct of his reentry into the service discrediting the good faith either of the appointing power or of this plaintiff.
Plaintiff was 17 days out of the public service, and, as no fraudulent collusion is shown between plaintiff and Pay *192 master Wise to defeat tbe purposes of tbe law, our conclusion is tbat plaintiff was in fact and in law completely separated from tbe pubbe service, and is, therefore, entitled, under bis reappointment, to be credited witb five years’ service as appointed from private or civil Hfe, and judgment against tbe United States is accordingly entered in favor of plaintiff for tbe sum of $638.93.
It is so ordered.