Hay, Judge,
delivered the opinion of the court:
On January 5, 1914, this court decided that this plaintiff was entitled to receive credit for five years’ constructive service under the Navy personnel act of March 3, 1899, 30 Stat. L., 1007. The amount allowed him by that decision was up to and including the date of filing the petition in that case, September 20, 1911. 49 C. Cls., 188.
It was also decided in that casé that the retirement of the plaintiff from the service was in good faith, and “that the plaintiff was in fact and in law completely separated from the service, and was entitled under his reappointment to be credited with five years’ service as appointed from civil life.” 49 C. Cls., 192.
Barney, Judge, in the case of Barber v. United States, 50 C. Cls., 256, referred to the decision of this court in the case of Guilmette v. United States, and said: “ In the Guilmette case, 49 C. Cls., 188, this court held that where an officer in good faith had resigned from the service and reentered after 17 days, he would be allowed the advantages of this statute.” He then distinguished the Barber case from the Guilmette case, and said: “ We believe that we went to the full limit of liberality in the construction of this statute in that case and are not inclined to go any further.”
*220 This suit is brought by the plaintiff to recover the balance of the money due him for his constructive service from September 20, 1911, to which time he was paid by virtue of the judgment rendered in his favor in the case of Guilmette v. United States, supra.
The facts in this case are precisely those upon which this court acted in deciding the case in 49 C. Cls., supra. No reasons have been given by the defendants which would justify us in reversing that decision of this court. We are of opinion that a judgment in favor of the plaintiff for $1,806.07 should be entered against the United States, and it is so ordered.
BarNey, Judge, Booth, Judge, and Campbell, Chief Justice, concur.
DowNet, Judge, did not participate in the decision of this case.