July 22, 1977

## 78-80   MEMORANDUM OPINION FOR THE COUNSEL TO THE PRESIDENT

### Federal Election Commission—Appointment of Members (2 U.S.C. § 437)

This is in response to your memorandum seeking an interpretation of 2 U.S.C. § 437(c)(3), which provides that members of the Federal Election Commission—

> . . . shall be chosen from among individuals who, at the time of their appointment, are not elected or appointed officers or exployees in the executive, legislative, or judicial branch of the Government of the United States. Members of the Commission shall not engage in any other business, vocation, or employment . . . .

You specifically inquire, first, whether the statute permits appointment of an individual who had resigned from Federal service immediately prior to his "appointment," and, second, if the answer to that question is in the affirmative, whether the "appointment" is deemed to occur upon nomination, the execution of the commission, or the taking of the oath of office.

*First.* It is our view that the purpose of the statute is satisfied if the member of the Commission resigns his Federal position immediately prior to his appointment. The purpose of the provision is to insure that the members of the Commission serve on a full-time basis. Moreover, if Congress insists on more than an "immediate break" in government service prior to the appointment to a position, it uses the formula that he be "appointed from civilian life." *See, e.g.,* 10 U.S.C. §§ 133-137. That clause has been interpreted as requiring that the appointee has not only ceased to engage in Government service but also has entered civil life and civil pursuits. *See* 36 Op. A.G. 389, 402 (1930), and *Guilmette* v. *United States,* 49 Ct. Cl. 188 (1914).

*Second.* Having concluded that the resignation may take place immediately prior to the "appointment" to the Commission, we turn to the question as to what constitutes "appointment" within the meaning of the statute. Construing Article II, Section 2, Clause 2, of the Constitution, the Supreme Court has held that the appointment process consists of three steps: nomination, advice and consent of the Senate, and appointment itself, which is usually evidenced by the execution of the commission by the President. *See, Marbury* v. *Madison,* 5 Cranch 137, 155 (1803). In our view, the statute uses the term "appointment"

in the same sense as does the Constitution; hence, a prospective member of the Commission must have resigned from his Federal position by the time the President formally appoints him to the Commission by executing his commission.

We note that in at least one situation, the interpretation of Article I, Section 6, Clause 2,[1] an Attorney General took the position that a person who is disqualified from holding a civil office may not be nominated to it, even though the disqualification would be lifted by the time of the actual appointment by the President. 17 Op. A.G. 522 (1883).[2] We believe, however, that this interpretation of the term "appointment" is based on the need to avoid an evasion of the purpose of Clause 2. The aim of that constitutional provision is that, where Congress creates new offices or increases the emoluments of existing ones, members of that Congress should not be appointed to those offices during the terms for which they were elected. The constitutional purpose could be seriously eroded if a disqualified member of Congress could be nominated and confirmed during the period of his disqualification—in particular by the same Senate that participated in the creation of the office involved or increased its emoluments—and thus be virtually assured of the appointment as soon as the disqualification ended.

The purpose of § 437(c)(3), however, is not to disqualify persons because of their past status as Federal officers, but merely to prevent them from serving in that capacity *while* they are on the Commission. This statutory intent does not require that the prospective appointee resign his Federal office prior to nomination, at which time he cannot know whether he will be confirmed. We regard it as sufficient for the resignation to occur prior to the execution of the commission. This reading of the statute is supported by the Conference Report on the Federal Election Campaign Act Amendments of 1974, H. Rept. 93-1438, 93rd Cong., 2d sess. 90 (1974), which states:

[N]o member may be appointed to the Commission who at the time of taking office as such a member is an elected or appointed official of any branch of the United States Government.

It should be observed that the report uses the nontechnical, loose term "at the time of taking office," which perhaps could be interpreted as the time when the appointee enters into office. In our view, this language of the report does not alter the meaning of the statutory term "appointment."

Finally, we assume that the appointment in question concerns an individual who is not subject to the disqualification imposed by Article I, Section 6, Clause 2 of the Constitution.

JOHN M. HARMON
*Assistant Attorney General*
*Office of Legal Counsel*

---

[1] That clause prohibits the appointment of a Senator or Representative to any civil office, if the office was created or its emoluments were increased during the time for which the Senator or Representative was elected.

[2] The Attorneys General still adhere to that interpretation of this particular constitutional provision.