## McKnight *v.* United States.

## United States *v.* McKnight.

1. Where a claim against the United States was allowed by the proper officers of the treasury, and a part thereof paid to the assignees of the claimant, upon his receipt for the whole sum, the United States, when sued by them for the balance, cannot, on the ground that the assignment was not executed in the manner prescribed by law, set up as a counter-claim the amount so paid.

2. The United States, by paying a part of the claim to the assignees, did not waive its right to withhold from them the residue.

3. A., in whose favor the allowance was made, being then indebted as surety on an official bond given to the United States, the amount of such indebtedness was properly retained by the Treasury Department as a set-off to await the final adjustment and settlement of the accounts of his principal. *Held,* that the Court of Claims was bound to adjudge accordingly.

Appeal from the Court of Claims.

This was a suit by William S. McKnight and James W. Richardson, assignees of Simeon Hart, to recover from the United States the sum of $9,000. The United States interposed a counter-claim and set-off for $21,675.68.

The court below found the following facts : —

1. On the 6th of January, 1873, the Second Comptroller of the Treasury certified to the Secretary of War a balance arising on an account settled by the Third Auditor, as follows : —

"No. 6611.]            " Treasury Department,
                     " Second Comptroller's Office,
                           " Jan. 6, 1873.

"I certify, in conformity with law, that there is due from the United States to William S. McKnight and James W. Richardson, composing the firm of McKnight & Richardson, assignees of Simeon Hart, a government contractor, a balance of thirty thousand six hundred and seventy-five and $\frac{68}{100}$ dollars :

"Which amount is allowed in pursuance of the decision
of the Second Comptroller, made Dec. 14, 1872, being
for the value, at contract rates, of 51,920 lbs. of flour,
delivered at Albuquerque, New Mexico, May 13,
1861, at 20½ cts. per lb. . . . . . . . . . . $10,643.60
"May 23, 1861, 49,800 lbs. of flour, delivered at Fort
Stanton, at 18½ cts. per lb. . . . . . . . . . 9,213.00
"May 26, 1861, 52,776 lbs. flour, delivered at Albu-
querque, at 20½ cts. per lb. . . . . . . . . . 10,819.08

     Total . . . . . . . . . . . . . . . . $30,675.68

" A report in favor of the payment of said balance having been made by the Judge-Advocate-General, and approved by the Secretary of War, Feb. 28, 1872, and the allowance being in conformity with the opinion of the Attorney-General, dated Dec. 5, 1872.

" Payable out of the appropriation for subsistence of the army prior to July 1, 1870.

" To the claimant assignees, McKnight & Richardson.

" In the care of H. D. Cook, attorney of record, present.

" J. M. BRODHEAD,
" *Comptroller.*

" HON. WM. W. BELKNAP,
      "*Secretary of War.*"

 2. Subsequently the following requisition, with memorandum attached, was signed and recorded : —

" *Settlement Requisition,* No. 2254.

" WAR DEPARTMENT, Jan. 31, 1873.

" *To the Secretary of the Treasury :*

" SIR, — Please to cause a warrant for thirty thousand six hundred and seventy-five dollars and sixty-eight cents to be issued in favor of William S. McKnight and James W. Richardson, composing the firm of McKnight & Richardson, assignees of Simeon Hart, a government contractor, care of H. D. Cook, attorney of record, present ; due on settlement as per certificate of Second Comptroller, No. 6611.  To be charged in the undermentioned appropriations.

" Given under my hand this seventh day of January, 1873.

" $30,675.68.

" WM. W. BELKNAP,
      " *Secretary of War.*

" Countersigned Jan. 7, '73.

" J. M. BRODHEAD,
      " *Second Comptroller.*

" Registered Jan. 7, '73.

" ALLEN RUTHERFORD,
      " *Third Auditor.*

" Appropriations :

" Subsistence of the army prior to July 1, 1870 .   .   .   $30,675.68

" Of this amount the sum of nine thousand dollars ($9,000) will be paid to the Treasurer of the U. States, to be by him deposited in the Treasury, on ' general account,' on account of a debt due the U. States by Simeon Hart as surety on a bond given by Lieut.-Col. John B. Grayson, Com'y of Subs., to await the final adjustment and decision of Grayson's accounts.

" J. M. BRODHEAD, *Compt.*"

3. Thereupon the following warrant was drawn, signed, and recorded : —

"War-Settlement Warrant No. 409.   $30,675.68.

"*Appropriations.*

"Special.

"J. H. Seville,
"*Chief Clerk.*

"71. Subsistence of Army, $30,675.68,

"It is directed that of the amount of this warrant the sum of nine thousand dollars ($9,000) be paid to the Treasurer of the United States, to be by him deposited in the Treasury, on ' general account,' on account of a debt due the U. S. by Simeon Hart, as surety on a bond given by Lieut.-Colonel John B. Grayson, commissary of subsistence.

"Geo. S. Boutwell,
[seal]          "*Secretary.*
"Rec'd draft No. 615.
          "H. D. Cook."

"Treasury Department.

"To the Treasurer of the
     "United States, greeting:

"Pay to William S. McKnight and James W. Richardson, firm of McKnight & Richardson, assignees of Simeon Hart, care of H. D. Cook, att'y of record, present, or order, to be charged to the appropriations named in the margin, thirty thousand six hundred and seventy-five dollars and sixty-eight cents, due Simeon Hart on settlement, pursuant to a requisition, No. 2254, of the Secretary of War, dated Jan. 7, 1873, countersigned by the Second Comptroller of the Treasury and registered by the Third Auditor. And for so doing this shall be your warrant.

"Given under my hand and the seal of the Treasury Department this thirty-first day of January, in the year of our Lord one thousand eight hundred and seventy-three, and of Independence the ninety-seventh.

[seal]          "J. F. Hartley,
                         "*Ass't Secretary.*
"Countersigned 31st.
                    "R. W. Tayler,
                         "*First Comptroller.*
"Registered 31st.
                    "J. A. Graham,
                         "*Ass't Register.*"

4. Upon said warrant the following draft was issued to said McKnight & Richardson, delivered to H. D. Cook, attorney, indorsed by claimants, and paid by defendants : —

"*Draft No.* 615 *on Warrant No.* 409, *p't, Series of* 1870, *c.*

"Treasury of the United States,
                "Washington, D. C., Jan. 31, 1873.

"Pay to William S. McKnight and James W. Richardson, firm of McKnight & Richardson, assignees of Simeon Hart, or order, twenty-one thousand six hundred and seventy-five$\frac{68}{100}$ dollars.

                                "L. R. Tuttle,
"$21,675$\frac{68}{100}$.        *Asst. Treasurer of the United States.*
"Registered Jan. 31, 1873.

                                "John Allison,
                                "*Register of the Treasury.*"

And at the same time the following draft was issued to the Treasurer, by him indorsed, and the amount therein specified deposited in general account as ordered; and the same has never been paid out of the Treasury of the United States : —

"*Draft No.* 616 *on War-warrant No.* 409, *p't, Series of* 1870, *d.*

"Treasury of the United States,
                "Washington, D. C., Jan. 31, 1873.

"Pay to Treasurer of the U. S., to be deposited in 'general account,' on account of a debt due the U. S. by Simeon Hart, as surety on a bond given by Lt.-Col. John B. Grayson, Comm'y of Sub., or order, nine thousand dollars.

                                "L. R. Tuttle,
"$9,000.        *Asst. Treasurer of the United States.*"

5. Said certificate of the Second Comptroller, requisition of the Secretary of War, and warrant of the Secretary of the Treasury, were founded upon the alleged voluntary indorsement, order, or assignment by Simeon Hart, of a voucher filed in the Treasury Department, alleged to have been issued by Lieut.-Col. John B. Grayson, Commissary of Subsistence of the United States Army, for flour delivered by him in May, 1861, under contracts; but the claimants did not prove, or offer to prove, at the trial in this court, the genuineness of said voucher, or the indorsement, order, or assignment thereof, or the delivery of the flour therein mentioned.

6. The following is a copy of the voucher upon which said account was settled, as transmitted by the Secretary of the Treasury to this court : —

"*The United States to Simeon Hart, Dr.*

"1861.

"May 13. To 51,920 lbs. flour, delivered at Albuquerque, under the contracts of 3d and 10th November, 1860, at 20½ cts. . . . . . . . . . $10,643.60

„  23. To 49,800 lbs. flour, delivered at Fort Stanton, under the contract of 10th November, 1860, at 18¼ cts. per lb. . . . . . . . .   9,213.00

„  26. To 52,776 lbs. flour, delivered at Albuquerque, under the contracts of 3d and 10th November, 1860, at 20½ cts. lb. . . .  10,819.08

„  30. To 500 lbs. flour, delivered at Albuquerque, to make up short delivers under the contracts of 3d and 10th November, 1860, at 20½ cts. lb. . . . . . . . . . . . . .    102,50

                                        —————
                                        $30,778.18

"I certify that the above is correct and just; that the services were rendered as stated, and necessary for the public service.

"I certify, on honor, that the above account is correct and just; that this flour has been faithfully issued; that I have accounted for this flour by the receipts of officers duly qualified to receive the same; that it was purchased at the prices mentioned and contracted for (see contracts of 3d and 10th November, 1860); and that Judge Hart is entitled to the amount specified on the face of this account; and I have not paid this account, owing to the order of the Secretary of War, through the Commissary-General, of 11th May, 1861.

                               "Jno. B. Grayson,
                               "*Brv't Lt.-Col., C'ry S'e.*

"Received            186 , of            , U. S. Army, thirty thousand seven hundred seventy-eight dollars and eighteen cents, in full of the above account.

                               "S. Hart."

7. No asssignment or power of attorney to collect the claim was executed or delivered by Simeon Hart or his personal representatives after the settlement warrant set forth in the third finding was drawn and signed.

The court below entered a judgment dismissing the petition of the claimants, and also the counter-claim of the United States, whereupon both parties appealed here.

*Mr. Enoch Totten* for McKnight.

*Mr. Assistant Attorney-General Smith* for the United States.

Mr. Justice Swayne delivered the opinion of the court.

These are cross-appeals in the same case. The sum. of $30,675.68 was awarded by the proper accounting officers to McKnight & Richardson, as assignees of Simeon Hart, a government contractor, for furnishing army supplies. The assignment was made by parol, and the delivery to the assignees of a receipt signed by Hart, with a blank for the amount that might be paid by the United States, to be filled in accordingly. Upon the allowance of the claim as stated a treasury warrant was issued to McKnight & Richardson for $21,675.68. The remaining $9,000 was retained in the treasury " on account of a debt due the United States from Simeon Hart, as surety on a bond given by Lieut.-Col. Jno. B. Grayson, Com. of Subs., to await the final settlement of said Grayson's accounts." This reservation of the $9,000 was made by order of the Second Comptroller and the Secretary of the Treasury. McKnight & Richardson sued in the Court of Claims to recover this sum. The United States thereupon set up a counter-claim, and insisted upon their right to recover back the $21,675.68 which had been paid already to the petitioners.

The Court of Claims adjudged against both parties, and both appealed to this court.

The claim of the United States cannot be sustained. According to the settled usages and practice of the department, the evidence in the record was sufficient to warrant the allowance of the amount found due to Hart. Lieut.-Col. Grayson, as a commissary of subsistence, was charged with the duty of receiving and inspecting the articles delivered, and of certifying the quantities and the prices to be paid. The voucher which he gave is explicit upon these points, and presupposes full knowledge on his part of what is set forth. His fidelity in the discharge of this duty was secured by his honor as a soldier, his commission, and his bond. It does not appear that any fraud was ever suspected, or that there is the slightest ground for such an imputation. It is true the assignment was contrary to law, and therefore a nullity, but there was nothing contrary

to good morals or conscience in the payment or receipt of the money. The facts were all known. There was no indirection, concealment, or improper purpose on either side. Although the petitioners had no claim against the United States, they had a valid claim against Hart. The money was received in payment of his debt, and discharged it to that extent. He is estopped by his receipt from setting up any claim against the government. It does not appear that he has ever complained. Under the circumstances, it is quite clear that if the controversy were between private parties, there could be no recovery. 1 Story, Contracts, sect. 541.

With a few exceptions, growing out of considerations of public policy, the rules of law which apply to the government and to individuals are the same. There is not one law for the former and another for the latter.

There are also fatal objections to the case of the petitioners.

The assignment, as we have already said, was wholly void. *Spofford* v. *Kirk*, 97 U. S. 484. It conferred no right that the United States was bound to regard. The payment of a part was not a waiver of this objection as to the residue. An agreement to that effect, express or implied, looking to the future, would have been without validity. There could have been no consideration for it, and no one had authority to make it. The statute is conclusive upon the subject. In the view of the law, the claim is as if the facts of which it is predicated were not.

It was also competent for the United States to set off the amount due to Hart under his contract, so far as was necessary to meet his liability as surety on the bond of Grayson, and the Court of Claims was bound to adjudge accordingly. Rev. Stat. 1059; *Gratiot* v. *United States*, 15 Pet. 336.

*Judgment affirmed.*