Nott, J.,
delivered the opinion of the court:
Notwithstanding- the magnitude of this case and the ability with which it has been pressed upon the court by the claimants’ counsel, and the learning- which they have brought into the argument to sustain the claimants’ pmsition, we are constrained to say that the law appears to us to be so clearly against the case as to render it needless to state inore than our briefly-expressed conclusions.
1. The statute in this case (Act 26th February, 1853, 10 Stat. L., 171) does not attach any turpitude to the-assignment of a claim or the giving of a power of attorney such as was given by the claimants. It does not prohibit the giving of such assignments and powers, nor prohibit the officers of the government from acting upon them; it merely declares them to be void. Consequently no distinction, such as was contended for on the argument between the case of a foreigner resident abroad and that of a citizen having knowledge of our laws, can be maintained. The government was not in delicto in recognizing through its officers the authority which the claimants had given to their agent to receive the moiiej". The question is simply whether such a payment can be recovered over again by the principal, be he foreigner or be he citizen, because the statute declares such powers to be void.
2. Some distinction may be drawn between this case and McKnights (98 U. S., 179), inasmuch as there a receipt was given by the assignor which discharged the defendants’ debt to .him up»on its piayment to his assignees; but, without passing upon that distinction, we are of the opinion that where a payment is made upon a power of attorney properly authenticated, actually given and sufficiently comprehensive in terms, its validity or invalidity under the statute is no longer in question, and no jiarty to the transaction is at liberty to deny the effectiveness of the payment. Such powers of attorney belong to that class of obligations which may be void while they remain execu-tory, but which are to be treated as valid when they have become executed. Courts cannot enforce them; but if the parties voluntarily give effect to them, sound morality forbids that they should be allowed to question the effectiveness of what they have themselves accomplished.
3. The conduct of the claimants since the payment to their *512 agent as effectually releases the government from all liability as if the money had actually been paid over to them by their agent. Their learned counsel have endeavored to maintain that the action which they brought against the agent in the courts of New York to recover this money would not preclude them from pursuing their present remedy against the government unless that suit had been prosecuted to judgment. But the cases cited on the argument to maintain the proposition, that the claimants could discontinue the former action against their agent and bring the present action against the government, belong, we appreliend, to a different class, and depend upon a different principle. There are cases where a plaintiff having two distinct forms of action against the same person may discontinue one suit before judgment and bring his second action in another form. In such the defendant loses no right, and gets his costs for the needless vexation of the first suit. He clearly is not in a position to say that the mere bringing of the first action constitutes a defense to the second. There are also cases where,.a plaintiff has a right of action against two distinct parties like those cited on the argument (Morris v. Robinson, 3 Barn. & Cress., 196; Priestly v. Fernie, 3 Hurl. & Coltman, 977) as to which it is said he may discontinue a suit against the one , and sue the other before judgment. But such cases really stand not on the ground of election, but on the ground of satisfaction — that it is only a satisfaction of the demand which operates to extinguish the cause of action and thereby preclude a second suit against another defendant. In England the doctrine is that a judgment recovered against one party is a thing of value) a constructive satisfaction, or that if the debt be not actually 'satisfied, it is at least merged and lost in the judgment. In this country the courts, following the reasoning of Story, have inclined generally to the doctrine that there' must be an actual and not a theoretical satisfaction of the debt. But whatever the doctrine, all courts have agreed in such cases that it was not the election to bring an action against this or that defendant, but the satisfaction or mpger of the debt which constitutes the defense.
4. But the present case belongs to- a class where the plaintiff owes something to the party who has paid money to his agent; where he has a good action against his own agent, provided he ratifies his act, but where he has no action whatever against *513 dm unless be does ratify it. In such eases two things gener-blly, if not invariably, have been held: first, that the bringing if an action against the agent is a ratification of the payment o him; second, that a ratification once given is equivalent to n antecedent authority, and cannot be recalled. Though it be nnceded that the power of attorney was utterly void; though t be assumed that no power of attorney was in existence, that mne had ever been given; nevertheless, if the officers of the heasury paid the claimants’ money to their agent, and they atified the act by bringing their action against him, it discharged the defendants as completely as if the claimants had tood by and directed the payment, or had subsequently re-eived the money from him.
5. It is also manifest that the claimants’ election to pursue he money in the hands of their agent, averring as they did hat it was money paid to him for their use under and by virtue f their power of attorney, precluded the party who made the layment from suing the agent to recover it back; and it is íanifest that their neglect to disavow the transaction, or to ring the present action until after the agent had become insolent, operated to mislead the present defendants, and to pre-ent them from suing to recover back the money while it re-iained in the agent’s hands. It was one of those cases where party was bound to speak or forever hold his peace. It is rue that there was no fraud on the part of the claimants, and bat fraud is ordinarily an element of estoppel; but their gross arelessness in not disavowing the payment, and their long-con-inued neglect to put the defendants on their guard, and their ilence,'which operated to mislead the defendants and to pre-ent them from pursuing their remedy against the agent, con-fcitute an estoppel which precludes the claimants from now sserting that the payment was made without due authority.
' The judgment of the court is that the claimants’ petition be ismissed.