Weldon, J.,
delivered the opinion of the court:
The claimant sues to recover the amount of three checks, one issued by a paymaster and the other two by a quartermaster of the Army in favor of decedent.
They were issued in June, 1869, and in the aggregate amount to the sum of $1,979.17, being divided as follows, to wit: No. 2135, $461.87; No. 2176, $500, and No. 2179, $1,017.30.
It is alleged that said checks were issued in payment of balance due for quartermaster stores sold to the United States; “ that in the year 1872 the amounts of said checks were, in pursuance of the.act of May 2,1866, now constituting section 306 of the Revised Statutes of the United States, covered into the Treasury of the United States and carried to the account of outstanding liabilities, and no part of the amount of either of said checks has ever been paid. Said checks were neither of them assigned or transferred by said Wardwell or by the claimant, and have been lost or destroyed.”
The effect of the demurrer is to admit every allegation of the petition properly pleaded, and we have only to pass upon the question as to whether such allegations constitute in law a sufficient cause of action against the defendants entitling the claimant to recover. When the claim of the decedent passed into the form of checks, its legal character changed from that of a demand for goods sold and delivered upon the contract to a claim represented by the checks given in liquidation of the original demand, and then became an obligation of the defendants arising upon the new form of indebtedness.-
The checks not having been presented within three years from the date when they were issued, the amount represented by them was covered into the Treasury under said section, and now remains there under the designation of “Outstanding liabilities” to the credit of the said claimant or his legal representative.
The theory upon which the claimant predicates her right to recover is that the amount of the checks having been carried to the account of “Outstanding liabilities” and covered into the Treasury, it becomes a trust obligation upon the part of the defendants, and not subject to the operation of the statute of limitations until there is a refusal to pay and the trust is disavowed.
*35 It is insisted by tbe counsel for tbe defendants that inasmuch as tbe lie vised Statutes, section 3646, gave to the decedent the right to have a duplicate check issued, that therefore all other remedies are excluded; that his rights were remitted to the remedy prescribed by that law, and that the claim is now barred by the statute of limitations, the claim not having the legal qualities which protect it from the implication of payment and discharge arising from lapse of time; that if a trust exists, it is only a quasi or constructive trust, which is not within the equitable doctrine that prevents the application of the statute of limitation.
If the suit had been brought within the three years prescribed by section 306, it may be that the decedent would have been without a remedy in this court, as he would have been compelled to sue on a lost instrument, when the statute afforded him a remedy to supply the loss by having duplicate instruments issued; and the question arises in this proceeding, Did that special remedy so affect the' rights of the party as that the claimant is without remedy upon the allegations of her petition?
There is no doubt about the justice and fairness of the claim. The plaintiff asserts it and the defendants admit it, but insist that the remedy is in Congress and not in this court.
The suit is based upon the Act of May 2, 1866 (14 Stat. L., 41), now constituting in substance section 306 of the Revised Statutes. The title of the original act is as follows:
“An act to facilitate the settlement of accounts of the Treasurer of the United States and to secure certain moneys to the people of the United States or to the persons to whom they are due and who are entitled to receive the same.”
In connection with the purpose and operation of that statute, it is pertinent to quote what Chief Justice Richardson said while Secretary of the Treasury:
“The act of Congress, passed May 2,1866, entitled ‘An act to facilitate the settlement of the accounts of the Treasurer of the United States, and to secure certain moneys to the people of the United States, or to the persons to whom they are due, and ivho are entitled to receive the same,’ has relieved this office of numerous accounts, some of which had remained on the books of the Treasury for forty years. By the operation of this law, all moneys represented by these accounts that had remained *36 unchanged for three years or more on the books of the Treasury, or any of the offices thereof, were covered into the Treasury by warrant to an appropriation account denominated ‘ Outstanding liabilities.’ The workings under this law have-been satisfactory to all persons claiming payment on drafts and checks. There has been no difficulty in the way of persons entitled to receive pay therefor, such payment being made upon the statement of accounts in their favor by the First Auditor.”
We have carefully considered the very able brief filed by counsel for the defendants and his oral argument on the trial of this cause, and while we are impressed with the distinction which he makes in the classification of trusts, we are not disposed to disturb the decision of this court in the case of Wayne (26 C. Cls. R., 274).
In that case the question of limitation was decided by the court in express terms.
The counsel for the claimant took substantially the same position taken by counsel for claimant in this case, that “ The fund established by section 306, Revised Statutes, bears upon it the imprint of a ‘ trust fund.’”
In that contention this court substantially concurred, saying-in substance the statute of limitations can not be set up against money credited to the claimant in the appropriation account of outstanding liabilities. Such money is held as a trust fund payable on demand without limit of time.
That case not having been appealed from, but acquiesced in by the defendants, and not now being impressed with the opinion that the court mistook the law, the case is adhered to and the demurrer is overruled with leave to the defendants to plead over-if they so desire.