JoNES, Judge,
delivered the opinion of the court:
The plaintiff corporation is engaged in the manufacture of airplanes. It entered into three contracts to build planes for the Government. Two of these contracts were with the Army and one with the Navy. The first Army contract, dated November 18, 1932, called for the construction of an observation plane for the Army at a cost of $185,000.00. The second contract with the Army, dated February 28, 1933, called for the manufacture of 24 observation planes at a total cost of $440,304.00. The third contract, which was with the Navy, provided for the manufacture of one airplane and the furnishing of certain items of technical data for *758 the consideration of $105,000.00. The contract was dated May 29, 1933.
The plaintiff institutes this suit to recover increased costs incurred in the construction of these planes, claiming that such costs were due to the enactment of the National Industrial Recovery Act (48 Stat. 195).
The action is brought pursuant to the Act of Congress approved June 25, 1938 (52 Stat. 1197), conferring jurisdiction on the Court of Claims to hear, determine, and enter judgment against the United States upon the claims of contractors for increased costs incurred as a result of the enactment of the National Industrial Recovery Act, sufra.
We will first consider the second Army contract, No. W-535-ac-5743, which calls for the construction of 24 airplanes for the Army. As to the claims arising under this contract, the defendant pleads that they were not filed within the six months’ period provided for in the jurisdictional act of June 16, 1934 (48 Stat. 974), and carried forward in the amendatory act of June 25, 1938, sufra.
The 24th and final airplane called for under this contract was delivered and accepted December 7, 1934, and the final shipment of technical data was made February 6, 1935. This constituted completion of the contract with the exception of certain spare parts required under a change order, and which were shipped on February 26, 1935.
The claim under this contract was filed on or after September 3, 1935. A letter which accompanied the claim was dated August 28, 1935, but the notarial certificate attached to the claim and verifying it was dated September 3, 1935. The earliest date, therefore, on which the claim could have been filed was September 3, 1935. Thus, more than six months had elapsed from the time of the completion of the contract.
Plaintiff undertakes to bring the claim within the six months’ period by calling attention to the fact that as late as March 2, 1935, it entered some record charges against the contract, and since the letter accompanying the claim was dated August 28, 1935, the six months’ period had not elapsed.
*759 The latter date, however, is contrary to the stipulation of the parties and contrary to the facts in the case which show the claim was filed on or after September 3, 1935.
Plaintiff also called attention to the fact that in April 1935 it was discovered by the Air Corps headquarters at Wright Field, Ohio, that, according to plaintiff’s shipping ticket accompanying the shipment of spares made on January 9, 1935, to the Air Depot at San Antonio, Texas, plaintiff had furnished two parts, a cable and shield, which were not applicable to this type of airplane. On plaintiff’s request these parts were returned to it for correction. On June 10, 1936, the Air Corps advised plaintiff that certain sheets of photographic negatives were missing from the parts list furnished under the contract, and on July 17, 1936, after an exchange of correspondence about the missing sheets, plaintiff sent the Air Corps another set of parts list negatives. Delivery of the parts list had been made by plaintiff on August 24, 1934, and payment therefor made on November 30 and December 4, 1934. These were minor errors that frequently develop in the handling of delicate and complicated machinery. To hold that such corrections constituted a continuation of the contract would mean that contracts would thus be continued almost indefinitely.
The Act of June 25, 1938, confers jurisdiction on the Court of Claims in connection with contractors and others “whose claims were presented within the limitation period defined in section 4 of the Act of June 16, 1934.” Section 4 of the Act of June 16,1934, supra, reads in part as follows:
No claim hereunder shall be considered or allowed unless presented within six months from the date of approval of this Act or, at the option of the claimant, ' within six months after completion of the contract.
According to the terms of this limitation, the claims under this contract were not filed within the six months’ period and the court is therefore without jurisdiction to make any award.
Timely claims were filed in connection with the other two contracts.
The airplanes called for in both the Army and the Navy contracts were of a new, experimental type. Various devia *760 tions and changes in design were ordered by the defendant as the work progressed. Some of these changes required redesigning and reengineering work on the part of the plaintiff, with a consequent delay. These delays, change orders, and corrections were the natural result of the building of new and experimental types of planes. Neither plaintiff nor defendant offers any material complaint regarding such change orders, corrections, and consequent delays.
In the performance of the War Department Contract W-535-ac-5450 plaintiff actually and necessarily incurred increased labor costs in the sum of $9,540.14 as a result of the enactment of the National Industrial Recovery Act.
In the performance of its Navy contract No. 31543 plaintiff actually and necessarily incurred increased labor costs in the sum of $2,414.38 as the result of the enactment of the National Industrial Recovery Act.
The schedule set out in Finding 19 and the explanation made in Findings 20 and 21 show a detailed analysis of these sums.
The items of increased costs were audited and definitely ascertained by the auditors of the Federal Bureau of Investigation'and by an auditing firm representing the plaintiff corporation.
These items are also set out in the agreement stipulated by the parties to the suit.
The plaintiff is entitled to recover the items of increased costs after November 27, 1933, in connection with employees who entered its service prior to November 27, 1933.
It is also entitled to recover the increased costs of employees hired after November 27, 1933, for the period between November 27,1933, and June 2,1934.
After June 2, 1934, the average pay roll for these employees shows a decrease to practically the same level that existed prior to November 27,1933. While the evidence for this period is not altogether satisfactory, it is sufficient to establish the fact that the minimum wage reverted to 40 cents per hour, the rate which had prevailed prior to November 27, 1933, and plaintiff is not entitled to recover for this period.
*761 The items allowed cover the wage scale paid to the employees as indicated and for the periods mentioned. They also cover overtime wages paid to both old and new employees for the entire period after November 27, 1933.
The plaintiff is entitled to recover the sum of $11,954.52. It is so ordered.
Madden, Judge; Littleton, Judge; and Whaley, Chief Justice, concur.
Whitaker, Judge, took no part in the decision of this case.