Whitakek, Judge,
delivered the opinion of the court:
Plaintiff sues to recover excess costs incurred as the’ result, of the passage of the National Industrial Eecovery Act. The defendant interposes the defense of the statute of limitations prescribed by'the Acts of June 25, 1938 (52 Stat. 1197) and the Act of June 16,1934 (48 Stat. 974).
The Act of 1938 requires as a condition to recovery under it that claims should have been presented within the time limit fixed by the Act of 1934. That Act in section 4 fixes the time limit as follows :
No claim hereunder shall be considered or allowed unless presented within six months from the date of approval of this Act or, at the option of the claimant, within six months after the completion of the contract, except in the discretion of the Comptroller General for good cause shown by the claimant.
We think it was the primary intention of Congress to bar claims that were not presented within six months from the time the Act was passed, but it was recognized that some contracts might not have been fully performed at that time and, hence, that a contractor would be unable at that time to tell how much his total costs had been increased as a result of compliance with the National Industrial Eecovery Act, and so, the alternative provision was inserted for presentation of the claim within six months from the time the contract was completed. We can think of no reason for the alternative provision other than that we have suggested.
If this was the reason, then it was intended that the statute should begin to run not later than six months from the time the contractor completed its contract. When the defendant paid the contractor would be immaterial, because it seems Congress intended the statute to begin to run at the time the contractor was able to compute its excess costs, and the time of payment would have nothing to do with this.
In Douglas Aircraft Construction Co. v. United States, 95 C. Cls. 745, 759, we held the statute began to run when the contractor had fully discharged the contractual obligation imposed upon it; we reaffirm that holding.
*392 ■ The findings of fact, which are based upon a stipulation of facts by the parties, show that the plaintiff fully performed its contract of May 17,1933, on October 9,1934.[1] Claim was not filed until April 26,1935, more than- six months after the passage of the Act and after plaintiff had fully performed its contract.
Warrant in settlement of the amount due was not mailed before October 20,1934, but this delay could not in any way have delayed plaintiff in the filing of its claim for increased costs incurred as a result of compliance with the National Industrial Recovery Act.
Since we think it immaterial, we do not determine when payment was made of the amount due on the contract, whether at the time the settlement warrant was received by plaintiff or when this warrant was paid. On this point, how-every, see Wardwell v. United States, 32 C. Cls. 30, 172 U. S. 48; McKnight v. United States, 13 C. Cls. 292, 98 U. S. 179; Downey v. Hicks, 14 Howard, 240, 249; 21 R. C. L. 27, 60, 61, 65; 23 R. C. L. 1384, 1385.
' We are of opinion plaintiff did not file its claim within the statutory limit and, therefore, that we have no jurisdiction of its suit. Its petition will be dismissed. It is so ordered.
MaddeN, Judge-, Littleton, Judge; and Whaley, Chi&f Justice, concur,
Jones, Judge, took no part in the decision of this case.

 After the last order was received under the contract, which expired June 30, 1934, plaintiff had on hand a number of desks, which it succeeded in selling the defendant on or about October 29, 1934, and October 30, 1934, but plaintiff does not contend in its brief that these shipments were made under the contract of May 17, 1933. The last shipment under that contract was made October 9, 1934.