Nott, J.,
delivred the opinion of the court:
This is an action, brought under the Abandoned, or captured property act, to recover $1,406, the net proceeds of six bales of upland cotton captured at Savannah.
The only point in the case relates to the admissibility of evidence. The claimant proves the signature of General John W. Geary, commanding officer at Savannah, immediately after the capture of that city, and offers in evidence the following communication, with the report upon which it is an indorsement :
“Headquarters City oe SavaNNAh,
“ December 28,1864.
“Michael Gordon, the bearer, has been very kind and beneficial to the prisoners of our army at this place. He should be rewarded, and I most respectfully commend him to you.
“ Yours, truly,
“ JNO. W. GEAEY,
“ Brigadier General Commanding City.
“ Brigadier General EastoN,
“ Chief Quartermaster Army of Georgia.”
*294 “ Savannah, Georgia, December 21,1864.
“ General : Tbe bearer, Michael Gordon, a citizen of this city, at the risk of his life, as he was hiding from conscription, at' the time concealed the undersigned, escaped Federal prisoners of war. He has some cotton which he wishes to obtain protection for. Hoping, general, that you will grant it and any other favor that he may request, we have the honor to be, very respectfully, your humble obedient servants,
“LOUIS NUGENT,

“ Mrst Sergeant Troop F, 12th New Yorlc Cavalry.

“ J. F. WILLIAMS,
“ Company S, 95th Neio Yorlc Volunteers.
“ Brigadier General Geary.”
The official contemporaneous reports and communications of public officers, made in the line of their duty, before the controversy between the parties began, this court has always admitted in evidence for what they might be worth. We think this comes within the rule. The certificate of Sergeant Nugent is, in effect, a report to his commanding officer; the indorsement thereon of General Geary is, in effect, an official communication to the chief quartermaster of the army of Georgia. Bequiring a claimant to call as witnesses the defendants’ officers, to prove by them the contents of their official reports, would work a public inconvenience. Such reports, when admitted, are open to explanation and contradiction, and are received with caution, and taken only for what they may be worth.
As to the claimant’s loyalty, ownership, and right to the proceeds, they are proven to the satisfaction of the court, and its judgment is that the claimant recover the net proceeds of six bales of upland cotton, captured at Savannah, being $175 33 a bale, amounting in the aggregate to $1,051 98.