Peelle, Ch. J.,
delivered the opinion of the court:
This is a claim arising under a contract entered into by the claimant with the Government September 19, 1902, whereby he agreed to “ furnish all material, labor, machinery, and appliances required in sinking,” on or before December 24, 1902, in accordance with the specifications therefor and to the “ entire satisfaction ” of the defendants’ contracting quartermaster, a 6-inch guaranteed artesian well at the post of Fort Caswell, N. C., at a price of $3,979. No compensation was to be allowed unless said well furnished “ a continuous supply of three thousand gallons per hour of potable and wholesome water,” the capacity thereof “ to be tested by pumping the water therefrom for two consecutive days of 24 hours each.” And in case of failure to comply with said contract the Government was to “ have the power to complete the work at the expense ” of the claimant in such way as it deemed “ best for the interests of the public service.”
The officers of the Government having waived the time limit of the contract, the claimant was entitled to a reasonable time within which to perform the work. B.ut as the time limit was waived December 22, 1902, and the contract was not annulled until December 16, 1904, nearly two years, there would seem to be no question but that the claimant was given a reasonable time within which to perform, especially when considered in connection with the contract providing for the completion of the work within about ninety days.
The claimant’s contention, measured by his petition, is that having performed his contract he is entitled to the contract price agreed upon; but in his brief and argument he goes further and says that as the Government annulled the contract, and thereby prevented him from performance, he is entitled to recover on quantum meruit for the work performed.
The findings show that the claimant, though given a reasonable time within which to perform his contract, failed; *417 and, having so failed, the annulment- of his contract can not be assigned as an interference with or stoppage of work, entitling the claimant to recover under either the case of United States v. Speed (8 Wall., 77, 84) or United States v. Behan (110 U. S., 338, 354).
The first of the cases cited, upon which the claimant relies, is where a contractor had spent a large sum of money in preparation to perform, but was prevented from so doing by the other contracting party, and he was allowed to recover the difference between the cost of doing the work and the price agreed to be paid therefor, making deductions for the less time required to perform; but clearly that does not apply in the present case, as the claimant was not only given the contract time within which to perform, but was, after the waiver thereof, given a reasonable time, so that the claimant was not prevented from performance at any time within which he should have performed.
Nor does the case of Behan apply, as there the work was stopped by the defendants without fault on the part of the contractor, and he elected to rescind, .and was allowed to recover for the value of his outlay and for services actually performed. But here, as before stated, there was no interference with the claimant in the performance of his contract, the same having been annulled after the time of performance and, therefore, no breach. The claimant obligated himself to furnish the labor and material to do the work under the specifications to the entire satisfaction of the defendants’ officer. No compensation was to be allowed unless a well of potable and wholesome water, proven by “ analysis.made by the medical department or chemist authorized by the officer in charge ” and of the required capacity, was secured within a given time, or, as waived, within a reasonable time; and in case of failure to comply “ according to the true intent and meaning ” of the contract, the Government was given “ the power to complete the work at the expense of the ” claimant. This provision of the contract, however, did not obligate the Government, in case of such failure, to complete the work, even at the expense of the claimant, but gave it the power to do so if deemed best for the public service. That the Gov- *418 eminent did not exercise the power to complete the work at the expense of the claimant was, judged by his failure, manifestly in his interest.
The other authorities cited by the claimant go to the questions of interference after part performance or stoppage of work under a contract without fault on the part of the contractor, but in our view of the present case need not be further considered.
There is no contention that any but the last or 31-foot well complied with the contract, and as to that the claimant by accepting $132 in full payment for the labor and material so used, as set forth in Finding V, thereby construed the contract against his contention. True, as set forth in the finding, the payment was “ in no wise to be considered as pertaining to the contract,” but, as therein stated, was paid by the officers “ as a matter of equity.” Nevertheless it was payment in full for the labor and material furnished in sinking the only well which the claimant then and now contends complied, both as to quality and quantity of water, with the contract. However, under the findings we must hold that the claimant failed to perform his contract and, too, without any fault on the part of the defendants, and his petition must be dismissed, which is accordingly done.
Howex, J., was not present when this case was tried and took no part in its decision.