Barnet, J.,
delivered the opinion of the court:
This suit arises upon a claim for balances due upon a contract for work on the Illinois and Mississippi Canal under the engineering department of the Army. The several items of the claim as shown in the findings will be considered in their order.
ITEM I. PAVING ARCH CULVERTS.
The second paragraph of the contract, and which controls in the decision of this item, is as follows:
“ That the said party of the second part, for and in consideration of payments to be made as hereinbefore provided, agrees to
“furnish all labor and material and excavate pits and construct foundations only of seven (7) arch culverts;
“ excavate pits and back fill around the pipes;
“ construct foundation and head walls
“ and pave approaches and lay (or deliver when not laid) pipes for ten cast-iron culverts along and under the feeder of the Illinois and Mississippi Canal;
“ deliver 48-inch cast-iron pipe at one bridge approach;
“deliver, prepare trenches, and lay 48-inch and 24-inch cast-iron pipe under approaches to three highway bridges, and back fill around the pipes.”
The specifications contained a similar description of the work to be performed.
The findings show that early in the progress of the work the plaintiff insisted that under the contract it should not be required to pave the approaches to the arch culverts, but nothwithstanding its objections was required to do so by the Government officers in charge of the work, receiving in payment therefor the sum of $2.50 per cubic yard, which was the contract price for slope paving. We do not deem it necessary to enter into any analysis of the above quotation from the contract to show that the paving of the ap *234 proaches to the arch culverts ivas not thereby required. It is so plain that no construction is required and it can hardly be conceived how any other interpretation could ever have been given. Indeed, upon the argument, Government counsel frankly conceded that the interpretation given by the Government engineers in charge of the work to the provision relating to this work was hardly tenable. The plaintiff made timely protests against being compelled to do this work, and it necessarily follows that it is entitled to recover the difference in the reasonable compensation for this work and the price which was paid, which the findings show to be $4,744.50, and this item is allowed in that sum.
ITEM-II. CLEANING OUT ARCH CULVERTS.
The decision as to this item depends largely upon the conclusion of the court as to Item I. The findings show that the plaintiff completed the work of excavating the pits and constructing the foundations of three of the arch culverts in 1900, and the Government completed the superstructures the same year, but owing to the lateness of the season the plaintiff was unable to pave the approaches to these culverts during the working season. On returning the following spring the plaintiff was compelled to clean out the sand and slush which had accumulated in these culverts during the winter in order to pave the, approaches as required-by the United States authorities.
If the plaintiff was not required under the contract to pave the approaches to these culverts, it follows that it was not required to do the work necessarily preliminary thereto. The findings show that the cost of this work was $500, and this item is allowed in that sum.
ITEM III. PAVING AT PIPE CULVER’fS.
The findings show that the work required of the plaintiff in paving the approaches to the pipe culverts was of a higher grade than that required by the contract. Much time was consumed upon the argument in court and considerable space has been occupied in the printed briefs in discussing the technical meaning among civil engineers of the term *235 “rubble stone,” as used in tlie specifications. From the authorities cited and consulted the term seems to be a somewhat flexible one, but we do not think it necessary to enter into a discussion of that question. It is conceded by the Government engineers that the work done in paving the approaches to the pipe culverts was superior in quality to that required by the contract, contending, however, that this was voluntarily done by the plaintiff. The court has found from the evidence, however, that it was required to do this work in- this superior manner at an increased cost of $1 per square yard. There being 874.28 square yards of this work, it would make this item $874.28, and it is allowed in that sum.
ITEM IV. DEDUCTION ROE DEDAY.
The findings show that all of the work which properly fell under the contract was completed in the season of 1900, and the paving of the arch culverts was done in the season of 1901. The failure to finish the work within the time limit was due to the following causes: (a) The delay in approving the contract; (b) the requirement of the paving of the arch culverts; (c) the failure of the plaintiff to prosecute the work diligently and with sufficient force. The findings also show that upon the final settlement a deduction of $806.40 was made from the contract price for the cost of inspection during the delay period. In computing this deduction, however, the Government allowed the plaintiff two months’ extra time on account of the delay in approving the contract and made a deduction for the season of 1901, during which time the approaches to the arch culverts were paved.
It has been settled by numerous decisions of this court and of the Supreme Court that where the Government has delayed a contractor in the performance of his work he will be allowed reasonable extra time to make up for such delay. (Weeks v. United States, 45 C. Cls., 409; Little Falls Knitting Co. v. United States, 44 C. Cls., 1; Ittner v. United States, 43 C. Cls., 336; District of Columbia v. Camden Iron Works, 181 U. S., 453.) In this case the plaintiff was delayed somewhat less than two months on account of the *236 delay of the Government in approving the contract, and it was relieved for that length of time from paying cost of inspection. In the absence of proof to the contrary, an extension of time coextensive with the period of delay appears to be reasonable, and the court has so found.
As before stated, no deduction for delay was made for inspection charges during the time the plaintiff was employed in paving the approaches to the arch culverts.
It appears from the foregoing that the plaintiff was only charged with cost of inspection for such period of delay as arose from its own fault. Hence this item is disallowed.
' Judgment is therefore ordered for the plaintiff in the sum of $6,118.78 under Findings III, IY, and Y.