Peelle, Ch. J.,
delivered the opinion of the court.
The question now arises on the claimant’s motion for a new trial on the ground substantially that the judgment rendered is contrary to law.
The claimant, a corporation existing under the laws of the State of Ohio, entered into the contract made part of the petition herein with the United States through he Isthmian Canal Commission, dated July 13, but not signed by the claimant until July 27, and by the chairman of the Isthmian Canal Commission August 29, 1906, whereby the claimant ■agreed to furnish and deliver by steamer to said commission, free of all charges, on dock at Colon, Isthmus of Panama, subject to final inspection and acceptance at that place, six •duplex steam and compound air ©ompressors, as per specifi■cations furnished, to wit, one compressor or or before October 11, 1906; one compressor on or before October 26, 1906; ■one compressor on or before November 10, 1906; one compressor on or before November 25, 1906; one compressor on or before December 10, 1906; and one compressor on or before December 25, 1906.
By the alternative proposals submitted by the claimant the first machine was to have been shipped 70 days from notice of the award and the remaining five at intervals of *275 15 days; but the contract signed by the parties provided for deliveries of the compressors at definite dates.
In making settlement with the claimant the 12 days’ delay caused by the Government in making inspection of the compressors, at the place of manufacture, were credited to the claimant as shown in Finding IV, but were not treated as extending deliveries of subsequent compressors a corresponding length of time. Nor was the claimant given credit for the delay of the Government in signing the contract. By this method of settlement 501 days’ delay in making delivery of the compressors were charged to the claimant, and $5 per day, or in all $2,505, was deducted from the contract price. Hence this action.
The claimant’s contention is that paragraph 4 of the contract providing that “ time shall be considered as an essential feature of this contract ” was waived by reason of the delay of the chairman of the Isthmian Canal Commission in signing the contract more than 80 days after claimant had signed same.
This paragraph provides:
“AstiCle 4. It is further expressly understood and agreed that time shall be considered as an essential feature of this contract, and that in case of failure on the part of the party of the second part to complete this contract within the time specified and agreed upon that the party of the first part will be damaged thereby, and the amount of said damages being difficult, if not impossible, of definite ascertainment and proof, it is hereby agreed that the amount of said damages shall be estimated, agreed upon, liquidated, and fixed at the sum of five dollars ($5.00) for each compressor for each and every day the party of the second part shall delay in the completion and delivery of the compressors mentioned in this contract, and the party of the second part agrees to pay to the United States as liquidated damages, and not by way of penalty, the sum of five dollars ($5.00) for each compressor for each and every day the payty of the second part shall delay in the completion and delivery of the compressors covered by this contract, such delay not being the fault of the party of the first part; and the party of the first part may deduct or retain any or all of the above-mentioned sums out of or from any money that may be due or become due the party of the second part under this agreement. * * *
*276 “ Provided, however, that if the party of the second part shall by strikes, epidemics, local or State quarantine restrictions, or by abnormal force or violence of the elements be actually prevented from completing the compressors, or delivering the same at the date agreed upon in this contract, and such delay is without contributory negligence on their part-, such additional time may, in the discretion of the chairman of the Isthmian Canal Commission, be allowed for such completion as in the judgment of the party of the first part, or its successor, shall be just and reasonable. Provided further, that in case of such delay the party of the second part shall give immediate notice in writing to the chairman of the Isthmian Canal Commission, who may, in his discretion, accept such delays as sufficient cause for waiving the deductions; but such allowance or extension shall in no manner affect the rights and obligations of the parties under this contract, but the same shall subsist, take effect, and be enforceable precisely as if the new date for such commencement or completion had been the date originally agreed upon.” * * *
In support of its proposition the claimant relies upon and cites the cases of Ittner v. United States (43 C. C., 336); Little Falls Knitting Mills Co. v. United States (44 C. C.,1); and Callahan Construction Co. v. United States (ante, 229). The effect of those decisions is that where time is of the essence of a contract and the Government by its delay prevents performance within the contract time such delay will operate as a waiver of the time limit and give the claimant a reasonable time in Avhich to perform. With this contention we agree; but in the present case it is nowhere shown that the delay in signing the contract prevented the claimant from performance. On the contrary, the findings show that, as required by the specifications attached to the circular asking for proposals, the claimant submitted drawings of foundation details, which were returned to it August 6, and it is not shown that any delay was caused thereby after the claimant had signed the contract; and we may fairly presume that the claimant proceeded with the work on the return to it of the plans, as it is nowhere shown it objected to the delay in signing the contract on the ground of interference with the work.
*277 Had the delay in signing the contract been the cause ol all the delay in the delivery of the compressors it would, as held in the case of Morse Dry Dock Co. v. Seaboard Transportation Co. (161 Fed. Rep., 99, 100), have operated as a waiver of the time provision in the contract. But, as before stated, it nowhere appears that such was the case, as the first compressor was not delivered until 'December 14, or 64 days after the time fixed in the contract; and assuming, as the claimant contends, that the act of June 2, 1862 (12 Stat. L., 411), requiring contracts to be in writing, applies to the Isthmian Canal Commission by reason of its connection with the War Department, the claimant, after the final execution of the contract, continued to proceed thereunder without objection; so while the delay in signing does not appear to have prevented performance thé same can not be construed as a waiver of the time limit, but did operate by implication to extend the time a corresponding length. That is to say, allowing the chairman of said commission a reasonable time within which to sign after the claimant had signed the contract, there was a delay of 30 days, thus extending the time of delivery of each of the compressors 30 days beyond the time fixed in the contract and thereby continuing in force as applicable to the extended time the liquidated-damage clause of the contract. Therefore, by the acts of the parties the time within which to deliver the compressors was by implication extended to November 10, November 25, December 10, and December 25, 1906, and January 9 and January 24, 1907.
This holding is not repugnant to the act referred to requiring contracts to be in writing, if applicable to the Isthmian Canal Commission, as the court in the case last cited, as well as in the case of McGowan v. American Tan, Bark Co. (121 U. S., 575, 600), held substantially the same thing. In the latter case the steamboat in which the contractor had agreed to erect machinery within 60 days from the date of the contract was not furnished until long after the time fixed for performance. But when the boat was furnished the contractor without objection proceeded, and the court said “the work was done and the payments were made under the contract as thus extended in time.” That *278 is to say, though the delay in furnishing the boat did not operate to waive the time in which the work was to be done or give the contractor a reasonable time within which to perform it did operate to extend the contract not a corresponding length of time, but 60 days from the time the boat was furnished instead of 60 days from the date of the contract. It was optional with the claimant when the boat was furnished to treat the contract as abrogated and refuse to proceed, but instead he proceeded without objection, and for the purpose of completing the work within the time originally agreed upon, the contract, as the court states, was treated as extended.
Therefore, in the present case, treating the contract as extended 30 days, the compressors should have been delivered on the dates stated above, whereas the first compressor was not delivered until December 14, 1906, or 34 days beyond the time as thus extended; the second compressor was not delivered until December 28, or 33 days beyond the time thus extended, of which, however, the Government delayed 8 days in making inspection, leaving 25 days’ delay chargeable to the claimant. But the contract, as conceded by the claimant, not being a separable one — the consideration being a lump sum for the 6 compressors delivered — it can not, as the claimant was then in default, be successfully contended that the delay in making the inspection of the second compressor operated to waive the time limit and give the claimant a reasonable time thereafter within which to perform, though it is entitled, as it was given, to credit for such delay in the assessment of damages.
The third compressor was not delivered until January 30, 1907, or 51 days after the time thus extended, of which 2 days are chargeable to the Government for delay in making inspection, leaving 49 days’ delay; the fourth compressor was not delivered until February 18, or 55 days beyond the time thus extended, of which 2 days are chargeable to the Government for delay in making inspection, leaving 53 days’ delay; the fifth compressor was delivered September 21, 1907, or 71 days beyond the time thus extended, and the sixth and last compressor was not delivered until April 23, *279 or 89 days beyond the time thus extended, or in all 321 days’ delay beyond the time as thus extended, which, at $5 per day as liquidated damages, amounts to $1,605, for which amount the claimant was liable, whereas there was deducted from the contract price the sum of $2,505, or $900 in excess of the amount legally due.
The claimant contends, however, that the 12 days’ delay in making inspection of the second, third, and fourth compressors operated to extend the time not only of the particular compressors so inspected, but also of all subsequent compressors. However, as the Government is in n’o way responsible for the claimant’s method of manufacture, which was not disclosed when the contract was entered into, we can not sustain this contention, though the. claimant before the delivery of the first compressor notified the responsible officer of the Government that such delay would operate to delay the delivery of subsequent compressors.
In the Ittner case (43 C. Cls., 336), relied upon by the claimant, the contract was made subject to the approval of the Quartermaster General and was not approved by that officer until 22 days after the time for beginning the work, and by reason thereof, as well as subsequent delays of the claimant, he, with the consent of his sureties, asked to have the time limit waived, which was in express terms done by the Quartermaster General and the claimant given a reasonable time within which to perform, and the findings show that the work was performed within a reasonable time, and hence the claimant was entitled to recover the amount which had been deducted as liquidated damages. The time limit having been expressly waived, the acts of the parties were not otherwise subject to construction.
In the case of the Little Falls Knitting Mills Co. v. United States (44 C. Cls., 1, 18) the contract was likewise subject to the approval of the Quartermaster General and, as in the Ittner case, was not approved by him until after the time fixed for the beginning of the delivery of the undershirts therein contracted for; but the court held that the failure of the Quartermaster General to approve the contract did not in the remotest degree prevent the per *280 formance thereof; that some of the garments contracted for had been delivered before said approval. It can not, therefore, be said in strictness that the failure to approve the contract prevented performance, though it might, as in the present case, have been held to operate as an extension of time instead of a waiver of the time limit.
In the Moore, Receiver, case (46 C. Cls., 139, 181) the contract time was by agreement between the parties extended, though no question of liquidated damages was involved; the work was done within a reasonable time, and for delays of the Government caused by change of plans and inspection of the work the claimant was allowed to recover. The liquidated damage clause referred to in paragraph 9 of the contract therein expressly provided that liquidated damages should not be assessed if the delays shall “have been caused by the act of the United States or its officers or agents,” etc., and this contract provision, we affirm, is in conformity with the law as we have endeavored to announce it herein.
In the case of the Callahan Construction Co. v. United States (ante, p. 229), although the question of liquidated damages was not involved, the claimant was given credit for the time of the delay of the Government in signing the contract and relieved from the payment of the cost of inspection during that period the same as though the time had been extended coextensive with the delay.
It follows from the conclusion we have reached that claimant’s motion for a new trial must be allowed, which is accordingly done. The findings^ of fact and conclusion of law, together with the opinion of the court, are withdrawn, and new findings of fact and conclusion of law, with a modified opinion, are this day filed awarding judgment for the claimant in the sum of $900, being the difference between the amount deducted from the contract price and what the court concludes should have been deducted.