Per Curiam:
Our conclusions in this case are based upon the following considerations:
(1) A settlement having been made in 1906, it was too late to reopen it for a revision by the Comptroller of the Treasury upon application made several years thereafter. Sec. 8, act of July 31, 1894; 28 Stat. L., 207.
(2) The statements of the officials made long after the settlement and based upon their deductions from the records and letters in the case are not to be accepted as admissions binding on the Government. Waters’s case, 4 C. Cls., *151 390; Gordon’s case, 6 C. Cls., 292; Brannen's case, 20 C. Cls., 219; Allen’s case, 28 C. Cls., 141.
(3) Tbe statement of tbe superintendent of construction of tbe building to tbe Commissioner of Indian Affairs, if admissible as evidence, does not sbow wbat caused tbe delay. His statement tbat it was due in part to one cause and in part to another cause is not sufficiently definite for tbe court to determine tbe length of tbe time of delay which tbe one or the other cause occasioned, and the burden of proof is upon tbe claimants to make tbe proof necessary to sustain their petition. It is not made to appear, by evidence, when tbe outside painting was done or tbat it could not have been done sooner.
(4) Tbat tbe claimants were not delayed in commencing work by tbe fact tbat tbe contract was not approved for over 30 days, and on tbe contrary proceeded with tbe work, being put in possession of tbe premises when they bad signed tbe contract, takes this case out of tbe operation of tbe doctrine contended for by claimants as to an extension of time of completion. This court is not committed to tbe doctrine tbat mere delay in approving a contract, by the official charged with that duty, when it appears tbat tbe contractors have not been delayed thereby, operates to extend tbe time of performance or nullifies tbe clause in tbe contract providing for liquidated damages. Little Falls Knitting Co. v. United States, 44 C. Cls., 1; Ittner v. United States, 43 C. Cls., 336; Callahan Const. Co. v. United States, 47 C. Cls., 229; Laidlaw-Dunn-Gordon Co.’s case, 47 C. Cls., 271.
It follows tbat tbe petition should be dismissed, and it is so ordered.